Judge Marshall
delivered the Opinion of the Court.
Joseph Hamilton died in 1810, having first made and published his will, by which, among other things, he directed his executors, Henry Smith and George Hamilton, to sell certain negroes and put the proceeds out at interest until his mother’s death, except that she was to have one half of the annual interest at the end of each year, if she called for it, otherwise it was to accumulate with the rest of the fund; and so much of the fund as should remain in the hands of his executors at his mother’s death, he bequeathed to his brother, Abraham Hamilton, “ except two hundred dollars, which he bequeathed to the use and to be applied to the schooling and education of his nephew, Garvin Hamilton, (son of Abraham,) after he arrives to the age of eighteen years.” The negroes were sold by the executors for seven hundred and fifty dollars fifty cents, and a bond taken for that sum, due on the 11th of March, 1812.
George Hamilton, one of the executors, being indebted to Zacharias Field, for the purchase of a tract of land, an arrangement was' made with the consent of the other *362 executor (Smith) and Abraham Hamilton, the ultimate devisee of the fund, by which Field became entitled to the entire proceeds of the sale and the bond taken therefor, in discharge of so much of G. Hamilton’s debt to Him; and to indemnify Smith, the other executor, as to the two hundred dollars devised out of this fund to Garvin Hamilton, or to insure to him the means of paying it, George Hamilton, with Abraham Hamilton and Zachafias Field as his securities, executed to Smith a note for two hundred dollars, payable on the 10th day of April, 1814, and the bond for $750 50 cents was left ■in the hands of Henry Smith, to be collected for the benr efit of Z. Field, who alone, of all the -parties, resided in 'Kentucky; the rest being residents' of Virginia.
In June, 1814, a judgment was obtained (under the superintendence of H. Smith) upon the bond for the price of the slaves, and for interest thereon from the day it became due till paid; but, on the 12th of May, 1814, Smith had paid, on the order of Field, $670, previously received by him on account of the same bond; but afterwards refused to pay the residue to the agent of Field, on the ground -that the note for $200 above mentioned, was- not paid; and the balance remaining due to Field, on account of the bond for the price -of the slaves, was never paid to him, though collected by Smith.
About the first of January, 1827, Garvin Hamilton arrived at the age of 18 years. On the 3d of January, 1,829, the mother of the testator, Joseph Hamilton, died; and sometime in the year 1830, or 1831, Henry Smith also died — having made a will appointing William C. Smith and J. Peal his executors: who, in September, 1832, obtained a judgment in the Clarke Circuit Court, against Z. Field, and George Hamilton, who( had in the mean time removed to -this State, for $200, with interest on the note executed by them, with A. Hamilton, to H. Smith. To enjoin this judgment, and to obtain general relief in the premises, this bill was filed by Z. •Field against the executors of H. Smith, George Hamilton, and Garvin Hamilton — Abraham Hamilton being dead, intestate, without personal representative, and, as it seems, without estate.
A judg t obtained by a non resident may be, enjoined in ch’y, and satisfied by setting off against it, a debt due from the pit f to the def t therein. Such set off will be proper, altho' the obligation in judg't was given to the plt.f as executor of another, he having made himself personally responsible for the amount of it, and having also after-wards become entitled to it in his own right.
On the hearing, the Circuit Court perpetuated the injunction as to the judgment for two hundred dollars, and decreed that the executors of H. Smith (who, though non-residents, had filed their answer and taken proof in the cause,) should pay to the complainant one hundred and thirty six dollars.
Though the facts of this case seem- to be somewhat complicated, the equity arising upon, them is very .clear. The estate of H. Smith is chargeable with the amount received by him, upon, the bond for the price of the negroes sold under the will of J. Hamilton, with interest thereon to be credited by the sum of. $670, paid to Field, on the 12th of May, 1814... But, as the exact periods when Smith rendered either the $670, or the residue of the bond, cannot be ascertained, it will be a sufficient approximation to precision, to. charge him with the amount of the bond and interest, and credit him with the .$670 as received three months before the day on which he paid it over to. Field’s order, leaving, him. chargeable with the balance due on the bond, with interest thereon from the time when the credit is applied.
There can be no doubt that Field is entitled to set off the amount which may thus- be found due to him from Smith, against the amount fairly due from him to Smith, on account of his obligation, to pay the note for two hundred dollars, on. which the judgment was obtained.. The non-residency of the executors gives the right of obtaining satisfaction for his debt in this way; and although it be true that the note for two hundred dollars was executed to H. Smith, as executor of J. Hamilton, and not in his own right — yet the money was in truth due to him in his own right. For,, having parted with the note for the price of the negroes, he became individually liable to the persons entitled, to that fund, and this individual liability,, to Garvin. Hamilton, was the consideration of the note executed to him. And. further, as he afterwards executed his own note to Garvin Hamilton, in payment, or in purchase,, of his interest in the fund, this would have given him a personal interest in his own right in the note of the Hamiltons and Field, if he had not such interest before.
A legacy of a sum of money to the use of G. H. to be applied to his education after he arrives at the age of 18 years, bears interest from, and only from, the time of the legatee ’s attaining that age.
Lapse of time will not bar a demand, in ch’y, for money of the eompl t, received by the def t, and held by him, under an arrangement of the parties, to meet a demand against the comp t — the bill having been filed within five years after that demand was payable.
As to the legacy to Garvin Hamilton, we are of opinion that it should bear interest from the time of his arrival at eighteen years of age, as it was evidently the intention of the testator that he should, in some way, derive a benefit from it from that time, though full payment may not have been intended until the death of the testator’s mother. And as the note for two hundred dollars was executed solely for the purpose of meeting that legacy, or the liability for it, it follows that no more is justly demandable upon it, than the amount payable to Garvin Hamilton by the will. It is also obvious that if Henry Smith had, at the time when this legacy was pay-, able, money sufficient, or more than enough, to pay it, belonging to the obligor Field, and which he retained in fact on account of the obligation of Field, though he was but a surety — such money should, in equity, be considered' as applied or applicable in his hands to the payment of the legacy in discharge of the obligation of Field, at the time and in the manner most advantageous to Field: that is, as the legacy might and should have been paid under the will, Smith should, therefore, be credited in his account with Field, by the sum of two hundred dollars, as paid on the 1 st. day of January, 1827; or by two hundred and twelve dollars as paid on the 1st day of January, 1829; or with six dollars on the 1st of January, 1828, and two hundred and six dollars on the 1st day of January, 1829. Upon giving the credit in either of these modes, and charging him with interest on the balance up to the rendition of the decree, it will be found that the sum decreed is not too large.
It is suggested that the great lapse of time should preclude the complainant Field from setting up the demand for money received for him, by H. Smith; but, as it is obvious that the money was retained by Smith, and apparently by mutual consent, for the very purpose of meeting this note, the right of holding Smith or his representatives accountable for the money, could not be justly affected by lapse of time, as long as the note with which it was connected and to which it adhered, remained unadjusted, or at least until the time arrived when it might have been adjusted, according to the *365 equitable rights of the parties as now settled — which was not until January, 1829, when the legacy to Garvin Hamilton was payable, and within five years from that time this bill was filed.
With regard to the interest which the mother of testator had in the proceeds of the sale of the negroes, it does not appear that any liability rested on the executor on that account which can be connected with this note. On the contrary, the reference from the whole case is, that, under the arrangement which was made between the executors and Field and A. Hamilton, the ultimate legatee of the fund, she was not to call for her portion of the annual interest, and that she did not call for it: whereby A. Hamilton became entitled to the whole fund remaining at her death except the two hundred dollars bequeathed to his son, Garvin Hamilton. — ■ And as A. Hamilton was a party to the arrangement by which the whole fund, except the two hundred dollars, was given up to Field, his demand against the executors for his portion of the fund, was thereby extinguished, or converted, as may be presumed, into a demand against George Hamilton, from whom the consideration, whether executory or executed, for the relinquishment of his interest, must be supposed to have moved. But this point, so far as it is involved in the present case, is conclusively. settled by the allegation and admission that the note for two hundred dollars, was executed solely with a view to the legacy of the same sum bequeathed to Garvin Hamilton.
The questions whether the legacy to Garvin Hamilton has been in fact discharged, and if so, who should be entitled to the benefit of the arrangement by which it was discharged by payment of a less sum than was due, are not presented for adjudication in the present attitude of this case.
Wherefore, the decree is affirmed.