OPINION of the Court, by
C'n. J. Bibb.
-The appellant exhibited his bill for a perpetual injunction against a judgment at law obtained bv Lai d n, ae the ground of equity, that the ar.d defendant had settled various transactions •-''n.-.h h • ! f ken place subsequent to the date oi trie not-., op ;;; 'one.:, the judgment had besa obtained j that it put- the r/rti... ■ *519 f ;ent Loudon was found indebted to the complainant in ihe sum of 480 dollars, whereof the complainant expected the note of 125 dollars to be satisfied ; but that Lou-don had, notwithstanding, sued on the note and obtained judgment, and wms, or would shortly be insolvent» An injunction was granted, which was afterwards dissolved, upon motion, for want of equity on the face of the bill ; the court moreover went on and decreed against Payne and his security in the injunction bond the amount of the judgment at law, ten per centum damages thereon, and the costs in chancery : from which the appeal was prayed.
As there was no demurrer to the bill, but only a motion before the court to dissolve the injunction, the court should not have gone farther in any such case than barely to dissolve the injunction, and award the damages according to the statute. So far as they have decreed the payment of the judgment at law, and united the security in that decree, they have travelled out of the pleadings : the decree or order of the court ought to have been confined to the motion.
But upon the face of the bill there is a clear case i» equity. An insolvent, debtor to the complainant to the amount of 480 dollars, upon settlement refuses to setoff or discount a judgment of 125 dollars and costs, which he has obtained against his creditor. Shall equity nos restrain him from proceeding at law, and compel him. to discount with his creditor?
The attempt, to enforce payment under such circumstances is unconscientious, a violation of moral duty, and the court of equity ought to interpose.
Order and decree reversed.