## BERNHARD WICK

*v.*

## HENRY WEBER.

| 64 | 167 |
| 33a | 38 |
| 64 | 167 |
| 148 | 379 |

1. AFFIDAVIT FOR CONTINUANCE—*whether sufficient.* In support of a motion for a continuance an affidavit was filed, which stated that in consequence of the ill health of the party seeking the continuance, he had gone to Europe, and such was his condition, as reported by his physician, that he was unable to return in time for the trial. The motion was regarded as properly denied, so far as based on the absence of the party, as no diligence was shown. There was no affidavit showing the condition of his health—nothing but the unsworn statement of a physician, which was insufficient; and in view of the fact that the suit was then pending, the party ought, if he deemed his testimony material on the trial, to have had his deposition taken before undertaking a journey that would necessarily occupy so much time.

2. SAME—*laches.* Where an affidavit for a continuance showed that the witness, whose testimony was desired, was a resident of the county where all the parties resided, but was temporarily absent, so that process could not be served upon him, and the fact of such absence was not known, it was *held* that no laches could be imputed to the party desiring the witness' testimony.

3. SAME—*hearing evidence to contradict—whether will reverse.* The rule is, that the affidavit on a motion for a continuance must be taken as true, and it is improper for the court to hear evidence to contradict it. But where the court did hear evidence to contradict some of the statements in such an affidavit, that fact, of itself, was regarded as not constituting ground for reversal, it not appearing that the court took any action upon it.

APPEAL from the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, brought by Weber against Wick. Upon a trial judgment was rendered in favor of the plaintiff, to reverse which the defendant appeals.

Messrs. G. & G. A. KŒRNER, and Messrs. KASE & WILDERMAN, for the appellant.

Mr. NATHANIEL NILES, and Mr. JAMES M. DILL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It was error in the circuit court to overrule the motion entered by the counsel for the appellant for a continuance of the cause.

The motion was founded on two affidavits filed at the same time. In the first one it was stated that in consequence of ill health the appellant had gone to Europe, and such was his condition, as reported by his physician, that he was unable to return in time for the trial.

The facts alleged in the affidavit, which counsel expected to be able to prove by the appellant, if present, were material, but we think no diligence was shown. There was no affidavit showing the condition of appellant's health—nothing but the

unsworn statement of a physician. This was insufficient, and the court properly denied the motion for a continuance on the ground of the absence of the appellant. In view of the fact that the suit was then pending, he ought, if he deemed his testimony material on the trial, to have had his deposition taken before undertaking a journey that would necessarily occupy so much time.

In the second affidavit it is alleged that a number of witnesses, all residents of the county of St. Clair, were absent, and states material facts expected to be proven by each of them.

It was admitted that all the witnesses named, except Louis Westerman, would testify, if present, to the facts stated in the affidavit, and thereupon the court overruled the motion for a continuance, and a trial was had, which resulted in a judgment against the appellant.

The affidavit showed due diligence in regard to procuring the attendance of the witness Westerman. He was a resident of the county of St. Clair, where all the parties resided, and was only temporarily absent so that process could not be served on him. It was not known that he would be absent, and hence no laches can be imputed to the party who desired his evidence. A sufficient reason was shown why he was not served with process so that the court could have compelled his attendance, and the facts sought to be proven by the witness were material to the issue and all important to the defense of the suit.

The rule is that the affidavit must be taken as true on such a motion, and it is improper for the court to hear evidence to contradict it. The fact that the court in this case did hear evidence to contradict some of the statements in the affidavit would not, of itself, constitute a ground of reversal, for the reason that it does not appear that the court took any action upon it.

For the error indicated the judgment must be reversed and the cause remanded. _Judgment reversed._