# THE QUINCY WHIG COMPANY

*v.*

# JOHN TILLSON.

1. CONTINUANCE—*diligence to procure witness.* Where suit was brought to the March term of the circuit court, summons served on the 4th day of March, and the court convened on the 25th day of the same month, but the cause was not tried until the 5th of April, and the witnesses on account of whose absence a continuance was sought, resided in this State, only about one hundred and twenty miles distant, and the party took no steps to have their depositions taken or to procure their attendance, except telegraphing and writing to them to attend as witnesses: *Held,* that no such diligence was shown as to entitle the party to a continuance.

2. Where a continuance is sought on account of the absence of a party in interest whose testimony is desired, there must be shown something more than reasonable diligence to procure his attendance or deposition. In such a case a higher degree of diligence will be required than in ordinary cases.

3. SAME—*counter affidavit not admitted.* On an application for a continuance, counter affidavits can not be received and considered by the court; but where such an affidavit is heard, it will not be such an error as to reverse, if, independent of such affidavit, this court can see that the application was properly overruled.

4. EVIDENCE—*not limited by plaintiff's account filed with his declaration.* Where the plaintiff sued for services, declaring in the common counts, and .filed with his declaration an account for services up to June 20, 1870: *Held,* that his right to recover was not limited as to the time, by the account filed, it being no part of the declaration.

5. SAME—*its admissibility tested by pleadings.* Where the plaintiff declares in the common counts, and the Statute of Limitations is not pleaded, any evidence of indebtedness which may have become due prior to the day stated in the declaration, is admissible.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of assumpsit, the plaintiff declaring in the common counts only. The account filed with the declaration was as follows:

THE QUINCY WHIG COMPANY,
                    To JOHN TILLSON, Dr.

To services as editor of the Quincy Whig, from Aug. 1, 1869,
   to June 20, 1871, at $35 per week,..............$3445
To money paid,........  ........................ 3500
To money received and advanced,.................. 3500
To money had and advanced by me,................ 3500
To interest on moneys due,....................... 500

Mr. JOHN H. WILLIAMS, for the plaintiff in error.

Messrs. BROWNING & BUSHNELL, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error, against plaintiff in error, to recover the value of his services as editor in chief of the "Quincy Whig." The declaration only contains the common counts for work and labor, and the money counts, to which the plea of non-assumpsit was filed. By consent, a trial was had before the court without the intervention of a jury, which resulted in a judgment for defendant in error, to reverse which the company bring the cause to this court on a writ of error.

The error relied on most confidently to reverse the judgment is, that the court erred in overruling the motion for a continuance. The motion was based on two affidavits. The

suit was brought to the March term, 1872, and the summons was served on the 4th day of March. The court convened on the 25th day of the month. The motion to continue was made on the 3d day of April, and was overruled on the 5th day of the same month, and the trial had. It will be seen that twenty-nine days intervened between the service of process and the day on which the motion was made. It is alleged that the witnesses whose testimony was desired all resided in Sangamon county, in this State.

Conceding that the evidence of the absent witnesses was material to the defense of the action, no diligence whatever was used to procure their depositions or their attendance. There was ample time after the service of the summons to have given the statutory notice and take the depositions of the several witnesses before the cause was reached for trial. No reason is perceived why it was not the duty of the company to use the process of the law and compel their attendance in open court. This was entirely practicable, and it was its plain duty to do so. The distance to the place of the residence of the several witnesses would not exceed one hundred and twenty miles, and the point could have been reached in six or seven hours travel.

It is not an unreasonable inference from the proposition made by Mr. Prince, as stated in his affidavit, to Mr. Bushnell, to take the depositions of the witnesses *at once* if he would waive the *ten days notice,* that the witnesses were then in Quincy in the county where the cause was then pending. In that case, the plaintiff in error ought to have had them regularly subpœnaed to attend, and used the process of the court to compel their attendance at the trial soon to take place. This obvious duty was neglected.

The affidavits do not show that the plaintiff in error used any of the means provided by law to procure the depositions or the attendance of the witnesses. It does not avail the party anything that the witnesses were written or telegraphed to be present at the trial. The law has provided a different

23—67TH ILL.

mode for procuring their depositions or their attendance, and it must be followed.

One of the witnesses, Judson Phillips, whose attendance, it is alleged, could not be procured, was present and testified, and it is quite obvious that the depositions or attendance of the other two witnesses could have been obtained if any reasonable effort had been made. The affidavit fails to show that the witness D. L. Phillips was absent from home between the 4th of March and the 2d of April, so that his deposition could not have been taken in time for the trial. He was the president of the company, and a party in interest, and defendant would be required to show something more than reasonable diligence before the cause could be continued on account of his absence. Certainly a higher degree of diligence would be required than in ordinary cases.

The counter affidavit of Mr. Bushnell could not properly be received and considered, but it does not appear that the court founded any action upon it, and there was no serious error in merely hearing it read. Independently of that affidavit, the motion for a continuance was properly overruled, and if it was considered by the court, it could do plaintiff in error no possible harm. *Wick* v. *Weber*, 64 Ill. 167.

It is urged that the amount found by the court for which the judgment was rendered is excessive, and is against the weight of the evidence. The testimony was quite conflicting as to the value of the services rendered, and after a careful consideration of the entire evidence, we are not prepared to say that the finding of the court was against the weight of the evidence. Indeed, we think it was not, and are satisfied that there is no cause for disturbing the judgment.

There was no error in the court in permitting evidence of services rendered after June 20, 1870. Plaintiff's right to recover was not limited, as to time, by the account filed. It has been repeatedly held by this court that the account filed with the declaration, as required by the practice act, forms

no part of the declaration itself.  *Humphrey et al.* v. *Phillips,* 57 Ill. 136.

It is averred in the declaration that defendant was indebted to plaintiff on the 1st day of February, 1872.  No statute of limitations was pleaded, and hence any evidence of indebtedness which may have become due anterior to that date, was admissible, and the court properly overruled the objection taken.

Perceiving no material error in the record, the judgment is affirmed.

*Judgment affirmed.*