ELIZABETH NISPEL

*v.*

ISAAC WOLFF.

1. APPEAL — *setting aside dismissal, discretionary.* Where an appeal is dismissed for want of prosecution, it is discretionary with the court to allow or deny a motion to vacate the order of dismissal, and this court will not interfere with the exercise of that discretion, except in case of its flagrant abuse.

2. SAME — *negligence ground for refusal.* On motion to set aside an order dismissing an appeal, when the affidavit in support of the motion fails to show diligence in prosecuting the appeal, as, that the attorney was absent when the cause was called in its order, trying a case before a justice of the peace, on the information of one of the clerks that there was a trial pending, which would be likely to last the whole day, there will be no error in refusing to vacate the order and reinstate the case.

3. NEGLIGENCE — *in prosecuting appeal.* Where an appeal suit is set for trial on a particular day, it is negligence for the appellant's counsel to leave the court because there is a trial pending likely to occupy the whole day, and no relief can be granted against the consequence of such neglect.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. B. WALSH, for the appellant.

Mr. PHILIP STEIN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought suit against appellant and John C. Nispel, before a justice of the peace of Cook county. Service of summons was had on appellant only, and judgment was rendered by the justice in favor of appellee and against her for $95.68 and costs of suit. From this judgment she appealed to the Superior Court of Cook county, where, at the July term, 1874, of that court, her appeal was dismissed for want of prosecution, and a *procedendo* was awarded to the justice of the peace. She subsequently made a motion, supported by affidavits, to vacate this order and reinstate the appeal, which the court overruled.

In this action of the Superior Court there was no error.

It was discretionary with the court to allow or deny the motion, and, except in cases where it is clearly shown there has been a flagrant abuse of such discretion, we will not interfere.

The affidavits failed to show diligence in prosecuting the appeal. It was not pretended that the case had been called out of its order, and it was admitted that counsel knew that the case was set for trial on the day it was called and dismissed. The only excuse for the absence of counsel which is shown is, that he was engaged at the time in a trial before a justice of the peace; and that he had been informed by one of the clerks of the court that there was a trial pending before the court which would likely last the whole of the day on which the case was set for trial.

Attorneys are not justified in taking the opinions of clerks and other subordinate officers of the court with regard to what length of time cases on trial will probably occupy, or whether

cases set for trial on a particular day will be reached on the call of the docket on that day or not. When a case stands for call or trial at a particular time, they are bound to know that it may be reached; and it is their duty then to be ready and answer to the case. It is within the experience of most attorneys that it cannot be anticipated with absolute certainty how much time the trial of any case will occupy. In all cases unanticipated circumstances may intervene, necessitating the instant termination of the trial. Applications for delay or indulgence to cover necessary or convenient absence of counsel, parties or witness should, unless under exceptional circumstances, be addressed to the court; and whoever ordinarily chooses to be absent, when the case in which he is interested is liable to be called, without making such application, acts at his own peril, and has no legal claim to relief from its consequences.

We cannot look into the character of the defense disclosed by these affidavits, because, however meritorious it might have been if interposed on trial, the right to interpose it was forfeited by the negligence of appellant and her counsel.

It appears that after the appeal was taken from the justice of the peace, and before its dismissal in the Superior Court, on appellee's motion summons was issued, and served on John C. Nispel, to make him a party to the judgment, and he entered his appearance in the Superior Court.

It is evident that this circumstance in nowise affected the regularity of the dismissal of the appeal, because he was not a party to the judgment appealed from, nor was there any authority in the law to make him a party thereto in this way. Appellant was not injured by this irregularity, and no one else complains of it.

*Judgment affirmed.*