CHICAGO, DANVILLE AND VINCENNES RAILROAD COMPANY

*v.*

CORNELIUS R. FIELD *et al.*

1. INJUNCTION—*against collection of judgment at law.* The rule that an injunction will not be granted against enforcing a judgment where defense might have been made in the action at law does not apply to the defense of set-off, but only to such defenses as are required to be made in the suit in which the judgment is rendered.

2. SET-OFF—*when equity will compel allowance of against judgment.* Where a judgment creditor is solvent at the time of bringing suit and obtaining judgment, and afterwards becomes insolvent, a court of equity will stay the collection of the judgment and compel the allowance of any set-off which the judgment debtor may have against the judgment creditor, notwithstanding such set-off existed at the time suit was brought and judgment rendered, if such set-off was not litigated in the suit.

APPEAL from the Circuit Court of Cook County; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a bill in equity in the circuit court of Cook county to enjoin the collection of a judgment and enforce a set-off against it. A demurrer to the bill was overruled and a rule to answer entered, with which the defendants failed to comply, electing to stand by their demurrer; whereupon a final decree was rendered granting the relief prayed, and the defendant appealed.

The bill, filed on December 28, 1874, shows that on April

12, 1873, the defendant, the Chicago, Danville and Vincennes Railroad Company, recovered a judgment against the complainants in the circuit court of Cook county, upon an indebtedness on their due-bill for the sum of $5,726.16, whereon execution was issued November 10, 1874, which the sheriff was about to levy; that before and at the time of the rendition of the judgment the defendant was, and still is, indebted to the complainants in the sum of $22,500 for commissions in respect of business transacted by them as financial agents and brokers for the defendant; that when the suit in which the judgment was rendered was brought and tried the railroad company was solvent; that complainants did not set up their said claims in said suit as a set-off, or otherwise, nor were they in any way litigated or involved therein, they confidently expecting to defeat the suit by other matters of defense which were set up and litigated therein; that the railroad company at the time of filing the bill was in a hopelessly insolvent condition, having become so since the month of September, 1873, over five months after the rendition of the judgment, and that complainants could not make or satisfy any judgment they might recover against the company on execution or otherwise; that, on application made, the company had refused to allow the judgment to be set off against their said indebtedness to the complainants; that on June 19, 1874, they brought suit in *assumpsit* against the railroad company on their said claims, in the circuit court of Cook county, which suit was pending and being prosecuted in good faith, complainants believing that they were justly entitled to recover therein the sum of $22,500, less the amount of said judgment.

Mr. E. WALKER, for the appellant.

Messrs. JUDD & WHITEHOUSE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is the general rule, without doubt, as appellant's counsel affirms and cites authorities to show, that an injunction

will not be granted against enforcing a judgment, when defense might have been made in the action at law, unless the judgment was obtained by fraud, accident, or mistake.

But this rule, we conceive, does not apply to the defense of set-off, but to such defenses as were required to have been made in the suit where the judgment was rendered. Statutes of set-off are passed for the benefit of defendants, and they are not imperative ; so that a defendant may waive his right to set-off, and bring a cross action for the debt due to him from the plaintiff. 1 Chit. Pl. 602 ; *Morton* v. *Bailey,* 1 Scam. 213. Our statute of set-off, then, being permissive, but not compulsory, and a party defendant not being bound to set off his demand against the plaintiff's debt, as was said in the case cited, there would not seem to be any fault or neglect attributable to the appellees in not introducing their claims in set off against the plaintiff's demand in the suit wherein the judgment was rendered.

And if not, then we do not perceive why the mere fact that the claims existed at the time of the institution of that suit, and might have been set off therein, should militate against the present claim for relief in respect of the judgment. We see no sufficient reason why they should be discriminated against, and be held to differ, as entitling to relief, from any other demands, say, of a nature which could not have been set off in that suit, or which accrued subsequently to the judgment ; at least where, as here, the ground of equitable jurisdiction arises after judgment, and a plausible reason is offered for not making the set-off in such suit.

There is a natural equity that cross demands should be offset against each other ; and that the balance only should be recovered ; and the court of chancery recognizes this principle and acts upon it in cases where the law can not give a remedy in a separate suit, in consequence of the insolvency of one of the parties. *Lindsay* v. *Jackson,* 2 Paige, 581, and see *Gay* v. *Gay,* 10 Paige, 369 ; *Simpson* v. *Hart,* 14 Johns. 63 ; *Carson* v. *Carson,* 2 Metc. (Ky.) 97 ; *Hughes* v. *McCoun's Admr.* 3 Bibb, 254 ; *Edminson* v.

*Baxter*, 4 Hayw. 112 ; *Smith* v. *Field*, 6 Dana, 361 ; *Tuscumbia, etc., R. R. Co.* v. *Rhodes*, 8 Ala. 206 ; *Pond* v. *Smith*, 4 Conn. 297 ; *Bettison* v. *Jennings*, 3 Eng. (Ark.) 287 ; *Pander* v. *Cox*, 28 Ga. 305 ; *Payne* v. *London*, 1 Bibb, 518 ; *Buckmaster* v. *Grundy*, 3 Gilm. 626 ; *Raleigh* v. *Raleigh*, 35 Ill. 512.

By the showing of the bill, appellant is justly indebted to appellees in a much larger amount than the judgment, and unless equity interposes, as asked, appellant will enforce the collection of its judgment against appellees, and the latter will lose the entire amount of their demand against appellant on account of the insolvency of the latter, and the consequent inability to obtain satisfaction of their demand in a cross action. This would be unjust, injurious, and unconscientious. The claims, in such case, should cancel each other to the extent of the lesser one. For the creditor to receive satisfaction of his judgment by the cancellation of a debt of equal amount due and owing from him to the judgment debtor gives him a full equivalent, and does him no injustice, while it saves the other from the injury of the loss of his debt.

Appellant has a legal advantage here in having a judgment, which it can collect without allowance of set-off, and which it is proceeding unfairly and unconscientiously to enforce the collection of against the judgment debtors, whilst owing them a larger debt due, upon which it refuses to have the judgment applied, and which is uncollectible by suit, on account of appellant's insolvency. Equity will interfere and restrain the use of such an advantage. *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332 ; 2 Story's Eq. Jur., sec. 885. The occurring insolvency of the railroad company subsequent to the judgment affords ground for the exercise of the equitable jurisdiction here invoked.

A criticism is made upon the averments of the bill, that they do not directly charge that the railroad company was solvent on April 12, 1873, the time the judgment was rendered. It is averred that at the time that suit was brought

18 — 86TH ILL.

the company was solvent — and we understand the bill as averring the same at the time of the trial — and that at the time of the filing of the bill in this cause the company were in a hopelessly insolvent condition, having become so since the month of September, 1873, which was more than five months after the rendition of the judgment. We regard the bill as charging with reasonable certainty that at the time of the judgment the company was solvent, and that it became insolvent after that time.

We are of opinion the court below properly overruled the demurrer to the bill.

We regard the decree, however, as rendered, erroneous. It was, that the injunction issued in the cause be made perpetual; that the judgment, amounting to $6,863.06, be applied upon the indebtedness due from the company to the complainants, and that so much of the indebtedness be canceled; that the judgment be declared satisfied, and for costs.

A suit had been brought by the complainants in a court of law, and was then pending, for the recovery of their alleged indebtedness. The court of law was the proper forum for the adjudication of the fact and amount of the indebtedness, and it should have been left with that court to determine the same in the suit then pending. All the equitable relief complainants needed, and were entitled to under the bill, was the stay of the collection of the judgment until the time of such determination; and then to have the injunction made perpetual in whole or part, or dissolved, according as such determination might be.

For such error the decree is reversed, and the cause remanded for proceedings in conformity with this opinion.

*Decree reversed.*