## OSCAR A. DE LEUW

### V.

## LIZZIE CARRIGAN.

1. PRACTICE—APPEAL.—An appeal may be dismissed for want of prosecution where the appellant is present and signifies that he will not prosecute the appeal further.

2. BILL OF EXCEPTIONS—PRESUMPTION.—When the bill of exceptions states that the appeal was dismissed for want of prosecution, it is fair to presume that the appellant in some way indicated to the court that he would not press his appeal. The mere fact that he excepted to the action of the court is not sufficient to rebut such presumption. The matter relied upon as a reason why the appeal was improperly dismissed should be expressly shown.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 25, 1886.

Mr. OSCAR A. DE LEUW, for appellant.

WALL, P. J. The appellee sued the appellant before a justice of the peace upon a promissory note. The appellant did not appear before the justice and a judgment was entered against him for the amount due on the note. From this judgment an appeal was prosecuted by appellant by filing an appeal bond in the office of the clerk of the circuit court. Supersedeas and summons for appellee were issued and returned served, and a transcript from the docket of the justice was duly filed in the circuit court more than ten days before the first day of the next term.

The bill of exceptions recites that in the circuit court, " on the call of the case on the calendar, the court dismissed the appeal herein for want of prosecution and awarded procedendo," to which action of the court defendant then and there excepted, and prayed an appeal to the appellate court which was allowed, etc. The point is now made that this is such an irregularity as requires us to reverse the judgment. When

an appeal is taken from a justice of the peace to the circuit court the case is to be tried *de novo,* and strictly speaking the regular course ordinarily, when the case is called for trial, is for the plaintiff to proceed as though there had been no trial below and as though it were an original suit in the circuit court. But as the plaintiff has a judgment from which the defendant has appealed, the latter may, if he chooses, dismiss his appeal, and so prevent another trial which might result in an increase of the judgment.

The appellant having this right, it is not unusual in practice to expect some intimation from him as to what course he will take. If he signifies that he does not wish to proceed further with his appeal it may on motion of the plaintiff be dismissed, and thus the delay and expense of a trial may be saved.

If the appellant does not wish to prosecute his appeal there is no good reason why the time of the court should be occupied with a trial when this may be avoided by dismissing the appeal, a practice which has very generally prevailed.

If, however, he says nothing, or stands by his appeal, manifesting a desire to prosecute it, he may require the plaintiff to make out his case.

The statute, Sec. 71, Ch. 79, distinctly indicates that an appeal by a defendant from a judgment against him may be dismissed for want of prosecution, and the practice has been recognized as a proper one. Nispel v. Wolff, 74 Ill. 303 ; Reed v. Driscoll, 84 Ill. 96. And Langenham v. Stickney, 90 Ill. 361, and Eichelberger v. Garvin, 7 Bradwell, 129, are cited as holding that in all cases there must be a trial, and plaintiff must be required to prove his demand. In the case in 90 Ill. it appears that, when it was called for trial the defendant (appellant) moved for a continuance, which was denied, and then, because the defendant was not ready for the trial, the court dismissed the appeal for want of prosecution. The Supreme Court held this was error and said that the defendant had not abandoned his appeal, but was prosecuting it as well as he could in his own way, and that because "he was not ready for trial," was no reason for dismissing the appeal.

In the case in 7 Bradwell, the appellant's attorney asked for

DeLeuw v. Carrigan.

a continuance until the afternoon, and presented an affidavit showing that his client, who was then absent, would arrive by that time, that he had a good defense, and that his presence was necessary to a proper trial of the case ; but the court, on denying this motion, dismissed the appeal.

These cases do not hold that an appeal may not be dismissed for want of prosecution, where the appellant is present and signifies that he will not prosecute the appeal further.

From the bill of exceptions in the present case we learn that the case was called in regular course, the parties being present, and the court dismissed the appeal for want of prosecution.

It is not stated upon what ground the court concluded the appellant did not wish to prosecute the appeal, but all reasonable presumptions will be indulged in favor of the regularity of the proceedings of a court of superior general jurisdiction, as is the circuit court; and when it is stated that a thing was done which in a certain state of case it was proper to do, it will be intended that such a state of case existed, unless the contrary appears.

The bill of exceptions was presented by appellant, and it may be assumed that if there had been any facts in his favor and against the action of the court, he would have set them out.

It is fair to presume then, when it is said, without more, that the appeal was dismissed for want of prosecution, that the appellant did, in some way, indicate to the court that he would not press his appeal, and therefore the court dismissed it. The fact that he excepted to the action of the court is not enough. The exception does not contradict the presumption that he had abandoned the appeal, but it should expressly show the matters relied upon as a reason why the appeal was improperly dismissed. It would have been very easy to show by the bill of exceptions, if it was true, that the defendant had not abandoned his appeal and that he wished to try the case.

But we have here a statement which clearly involves the idea that the appeal was abandoned, in which case the action of the court can not be complained of by the appellant, who by his own course induced the result.

It is urged also, that the service of summons on the appellee was not good, and therefore the court could not proceed. The return was that the sheriff had "duly served the within by reading the same this," etc., but not saying it was read to the appellee.

The record shows both parties were in court, the plaintiff asking for a trial, and the defendant doing something which the court construed as an abandonment of his appeal, and when it was dismissed accordingly, excepting and praying an appeal to this court. Had appellant deemed the return not sufficient, he might have had it amended; but if the appellee was really served, and appeared without objection, the defective return was not important. The return was made upon a writ sued out by appellant, and it devolved upon him to see there was proper service. He can not complain, not having done so, of an objection more properly coming from the other side when it is affirmatively shown that both parties appeared, disregarding the objection and treating the service as sufficient.

Whatever defect there was has been cured by the subsequent proceedings. The judgment of the circuit court will be affirmed.

Affirmed.