## JOHN STENZEL

v.

## WILLIAM SIMS.

*Practice—Appeal from Justice—Dismissal—Motion to Set Aside—Discretion—Diligence—Negligence of Attorney*—Procedendo—*Record.*

Upon a motion to set aside a judgment dismissing an appeal from a Justice, it is *held:* That the negligence of his attorney is to be imputed to appellant; that this court can not interfere, in the absence of an abuse of discretion by the trial court in overruling the motion; that diligence and merits are both required before such a motion can be granted; that the court below had authority to dismiss the appeal with *procedendo;* and that the record is not defective in failing to show that appellant was called.

[Opinion filed March 28, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. ISRAEL COWEN, for appellant.

Appeal is a proceeding by which a case in legal procedure is taken from the decision of an inferior tribunal to that of a superior court to be again re-investigated, tried and determined. The judgment or determination in the former tribunal is vacated, and the action again tried *de novo* in the Superior Court. Appeals were wholly unknown as any part of the proceeding in an action at common law. In England they were only known in courts of equity and courts modeled after the civil law. Appeal, therefore, exists in this country only as it is regulated and modeled by statute. Powell on App. Proceedings, Chap. 9, Sec. 1; Skinner v. Lake View Avenue Co., 57 Ill. 151.

It would seem, then, that by the filing of the appeal bond, of the appearance of appellee and of the transcript of the Justice's judgment in the Circuit Court, the latter acquires jurisdiction of the persons and subject-matter, and hence the cause

is virtually the same as if it had been commenced in said Circuit Court. If that be true, and indeed the statute says so, explicitly, the rights of the parties are the same as in original actions commenced by summons. And what is that right, after the pleadings are made up and issue formed? The right to a trial; and a trial is defined to be an investigation of the issues of fact raised by the pleadings. Hayne, New Trial and A., 25.

By means of an appeal a trial *de novo* is obtained at the volition of a party without assigning any cause for it, by simply announcing his intention to appeal, giving certain bail, and in other respects complying with the requisition of the statute allowing the appeal. Powell on App. Proceedings, Ch. 9, Sec. 2.

The appeal usually removes the whole case and subjects the facts as well as the law to a rehearing and a new judgment. Story on Con., Sec. 1762; Scribner v. Williams, 1 Paige, 550; Taff v. Hewitt, 1 Ohio St. 511.

Mr. W. C. MINARD, for appellee.

MORAN, P. J. Appellee recovered a judgment against appellant before a Justice of the Peace, and appellant took the case to the Circuit Court, where it was regularly placed upon the calendar, and reached in its order for trial.

When the case was called for trial, neither the appellant nor his counsel was in attendance, and on motion of appellee the appeal was dismissed with a *procedendo*, and statutory damages were allowed against appellant.

A motion was made at the same term to set aside the judgment of dismissal, and an affidavit filed which probably sufficiently disclosed merits as against the claim of appellee, but which also disclosed that appellant employed a lawyer (not the counsel who has argued the case in this court) to look after said appeal, and that said lawyer wholly neglected to do so, and that appellant did not know said case had been liable to call, or had been called and the appeal dismissed, until the Constable called upon him with an execution for the payment of the judgment. The neglect of his attorney is on this mo-

tion to be imputed to appellant himself, and his affidavit shows, therefore, an absolute lack of diligence. We can not regard his merits, no matter how complete his defense; his right to interpose it was forfeited by the negligence of his attorney and himself.

It is not the practice for courts of review to interfere with the ruling of the trial Judge in such a matter where there is an absolute want of diligence shown. An appellate court has no authority to reverse in such cases, unless it appears from all the circumstances that there has been an abuse of the discretion of the trial court, and it can not be held an abuse of such discretion to refuse to set aside a judgment when the moving party himself shows an entire lack of diligence.

Though, on such motions, merits may be regarded as the more important of the two requirements, so as that, if diligence is shown, the highest degree thereof may not be essential where the merits are clear, yet diligence and merits must both appear, and absolute lack of the one is as fatal to the motion as the want of the other.

Where the party employs a lawyer and the lawyer wholly neglects his duty, and because of such negligence the client is cast in his case or his defense, his remedy is complete against the delinquent attorney for all the damages which he has sustained through the neglect.

Counsel for appellant has contended with earnestness and ingenuity, that the Circuit Court had no authority to dismiss the appeal with *procedendo*, but should have proceeded with the trial and compelled appellee to make out his case by evidence.

The contention is based upon the fact that the trial of a case coming to the court on appeal from a Justice of the Peace is to be *de novo*, and upon the provision of the statute, that on the trial of the appeal "the rights of the parties shall be the same as in original actions."

However willing we might be to adopt the practice contended for if the question was a new one in this State, we are compelled to regard the course adopted by the trial court as so fully authorized by repeated adjudications in this State as

to be not open to question. The point has been repeatedly made in the Appellate and in the Supreme Courts, and has always been decided the same way. Boyd v. Kocher, 31 Ill. 295; Allen v. City of Monmouth, 37 Ill.372; Nispel v. Wolff, 74 Ill. 303; Lawler v. Gorden, 91 Ill. 602; Hickley v. Dean, 104 Ill. 630; Bigelow v. Village of Kewanee, 17 Ill. App. 631; De Luew v. Carrigan, 19 Ill. App. 193.

There is nothing in the point that the record does not show that appellant was called, as is done where a default is entered in the original case. By filing his appeal bond appellant appeared and gave the court jurisdiction of the subject-matter by filing of the Justice's transcript. It was appellant's duty to be in court when his case was reached for trial.

There is no error in this record which authorizes a reversal of the judgment of the court below, and the same must, therefore, be affirmed.

*Judgment affirmed.*