HENRY L. WAARICH

v.

SOPHIA WINTER.

*Criminal Law—Assault and Battery—Trespass—Continuance—Illness—Physician's Certificate—Discretion.*

Waarich v. Winter.

1. A court is not bound to grant a continuance on the certificate of a physician.

2. The improper introduction of counter affidavits on a motion for a continuance will not amount to reversible error, where those in support thereof are insufficient.

3. Affidavits in support of such motion must not only show that illness prevented presence at trial but also the existence of a defense. Merits must always be shown upon such an application.

[Opinion filed April 17, 1889.]

APPEAL from the Superior Court of Cook County ; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. CUTTING, AUSTIN & HIGGINS, for appellant.

Mr. STACY W. OSGOOD, for appellee.

MORAN, J. This was an action of trespass for an assault and battery, brought by appellee against appellant. When the case was called for trial, appellant's attorney moved the court for a continuance on account of the sickness of appellant, and in support of such motion filed an affidavit stating that appellant had informed him, the attorney, by letter, some two or three days before, that he was sick, but expected to be sufficiently recovered to be in court when his case was called; but that on the evening before, on returning to his house, the attorney learned that a member of appellant's family had left word for him that appellant was sick, and also left a certificate of a practicing physician, stating that appellant was ill, confined to his house and in the care of said physician; that appellant resided some twenty-three miles in the country and some distance from a railroad or telegraph, and that the attorney could not safely proceed to trial without the presence of said appellant. Thereupon appellee presented to the court two affidavits in which it was shown that said appellant was seen by the affiants the evening before, attending to his work about the farmhouse and barn, and that he was not sick. The court overruled the motion for a continuance and the case was heard before a jury and a verdict rendered against appellant for $300.

A motion for a new trial was made, and appellant's affidavit was filed in support thereof, in which he swears that he was sick on the day of the trial, and under the doctor's charge, who advised him that it would be dangerous for him to leave his house; that if given a new trial he will prove that the injuries received by appellee at the time and place mentioned in the declaration "were due entirely to her own acts or the necessary acts of this defendant while acting solely in his own defense; that he did not attack said plaintiff and beat her as in said declaration alleged, but on the contrary she attacked him, injuring him to a considerable extent, and that if said plaintiff was at all injured by him, it was while he was using what force was necessary to repel her attacks, and in no other way." The court overruled the motion for a new trial, and rendered judgment on the verdict, and from said judgment the appeal is taken.

There is no ground for reversal. The court was not bound to grant a continuance on the certificate of a physician. Schnell v. Rothbath, 71 Ill. 84. While the court erred in allowing counter affidavits to be read on the motion for continuance, such error will not constitute ground for reversal where the affidavits for continuance are not sufficient. In such case the counter affidavits will not be regarded as inducing the refusal of the continuance. Wick v. Weber, 64 Ill. 167; Quincy Whig Co. v. Tillson, 67 Ill. 351. The application may have been such as addressed itself to the discretion of the court, and upon such a matter the court could, as it seems to us, inform itself fully from the sworn statements of both parties in order to guide its discretion, the application being made for a favor, and not for a right. Ault v. Rawson, 14 Ill. 484.

The affidavits filed in support of the motion for new trial, probably sufficiently establish that appellant was prevented by sickness from being present at the trial, but they wholly fail to show by the statement of facts that appellant had any defense. Appellant states his conclusions that the injuries inflicted on appellee by him where inflicted in self-defense, but conclusions from facts are for the court or jury and not for the witness. The affidavits should have stated the facts

and circumstances of the quarrel, if there was one, so that the court might see that the conclusions which appellant drew were supported by the facts which he could swear to.

Merits must be always shown on such an application. Waugh v. Suter, 3 Ill. App. 271; Slack v. Casey, 22 Ill. App. 412; Stenzel v. Sims, 25 Ill. App. 538. The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*

Gary, J., took no part in the determination of this case in this court.