H. H. CARPENTER

v.

S. T. WHITE.

*Writ of Assistance—Affidavits—Practice.*

1. Affidavits should set forth facts. It is for the court to draw conclusions from the facts proved.

2. In the case presented, this court declines, in view of the evidence, to

interfere with an order directing that a writ of assistance be issued, parties in possession of premises upon which a mortgage had been foreclosed—the same having been sold—refusing to give possession thereof.

[Opinion filed December 7, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

In the year 1887, Angie Page filed her bill to restrain the foreclosure of a mortgage upon the premises in question which she then owned.

On the 22d day of July, 1889, there was entered in the Superior Court in the said suit upon the cross-bill of the Mutual Building and Loan Association against Angie Page, Darius Morey and others, a decree of foreclosure of the said mortgage upon the said premises, the possession of which is now in controversy. Thereunder, after advertisement, the premises were sold by the master to Samuel T. White, the sale was confirmed, and on the 24th day of May, 1890, a master's deed of the premises was made to said White. The decree contained the usual clause requiring surrender of possession. It appearing that the said defendant, Angie Page, under the name of Angie Traeger, she having, since the filing of said cross-bill, intermarried with one Charles Traeger, and the said Charles Traeger, were in possession of the premises, and that a copy of the master's deed and a certified copy of the order of court confirming the sale had been served upon them, and a demand of possession made, the court directed that a writ of assistance be issued; from this order H. H. Carpenter has appealed.

Upon the hearing of the motion for said writ of assistance, John B. Fuller made affidavit that Angie Traeger and her husband, Charles Traeger, were the only persons in actual possession or occupancy of the premises at the time when the purchaser at the master's sale demanded possession; S. T. White made affidavit that on the 23d day of April, 1891, he went to the premises and found Angie Traeger living there; that she told him that the premises were hers and she was

going to continue in possession thereof; that she introduced Charles Traeger to affiant, and he, Charles Traeger, stated to affiant that he had entered into possession of said premises about November 1, 1890, and had since been continuously in possession.

On behalf of appellant the appellant's affidavit was filed, stating that he is in possession of the premises under a lease from one Oliver S. Patch to John A. E. Bok, bearing date of October 8, 1887, being for the term of five years; that affiant purchased said lease, and an assignment was made to him November 6, 1890, and he at once took possession and has since been in possession. Attached to said affidavit was a copy of a lease of said premises by Oliver S. Patch to John A. E. Bok, dated October 8, 1887, and terminating November 1, 1892. The lease provided that the lessee should not underlet or assign without the consent of the lessor, and had thereon an assignment by Bok to Carpenter. The affidavit of John A. E. Bok stated that he obtained a lease of said premises from Patch, that he took possession of said premises on the 8th day of October, 1887, and continued in such possession until the 6th day of November, 1890, when he sold and assigned said lease to H. H. Carpenter.

The affidavit of Joseph N. Barker set forth that Bok was in possession of said premises until November 5, 1890, when he assigned his lease to H. H. Carpenter. That Bok came to affiant's office, and affiant drew the assignment of the lease and a bill of sale of Bok's personal property; that Bok gave Carpenter possession of said property and Carpenter placed Charles Traeger in possession of said property to hold for him, Carpenter. Appellee introduced also his own affidavit and that of M. L. Raftree, that said Bok had told them that he agreed to sell his personal property and assign his lease to Annie Traeger; that she, in the office of said Barker, gave him a check in payment, and Bok signed his name upon the lease, as evidence of surrender of said lease; that said Annie Traeger did not represent that she was acting for any other person.

Mr. W. H. HILL and Mrs. MARY A. AHRENS, for appellant.

McNichols v. Hunt.

Messrs. THOMAS DENT and M. L. RAFTREE, for appellee.

WATERMAN, P. J.    Angie Traeger and Charles Traeger are the only persons shown to be in actual occupancy of said premises.    Angie Traeger was a party to the suit in which the decree of sale was entered.

She having since intermarried with Charles Traeger, and being in the occupancy of the premises, his occupancy is presumptively through her.    The affidavits of appellant and Barker, that he, appellant, took possession November 6, 1890, and has since been in possession, and that appellant placed Charles Traeger in possession, are mere statements of conclusions.    What did appellant do from which he concludes that he took possession?    In what way, by what acts, did appellant place Charles Traeger in possession, should have been shown. Affidavits should set forth facts.    It is then for the court to draw conclusions from the facts proved.    Waarich v. Winter, 33 Ill. App. 36; Shultz v. Plankinton Bank, 40 Ill. App. 462.

Charles Traeger, who is shown to be an occupant of these premises, makes no statement that he so holds under appellant, nor does Angie Traeger claim to be occupying under authority conferred by appellant.    The impression left by a consideration of these affidavits is that appellant is acting merely as the instrument of Angie Traeger, and that she it is who is the real assignee of the Patch lease.

The order of the Superior Court is affirmed.

*Order affirmed.*