## MERRICK A. RICHARDSON, BY NEXT FRIEND,
### v.
## DENNIS SHEEHAN.

*Capias—Motion to Discharge Bail—Appeal and Error—Affidavits.*

1. The refusal to discharge bail on motion can not be assigned for error; the reason thereof is that such a decision is not final. It leaves the merits yet to be finally decided. If the bail is discharged there can be no further proceedings against him. It is a final determination of his liability. In principle it is the same as cutting off an attachment in aid, which is merely like bail, a security to the plaintiff in the suit, and if wrongly done, may be corrected on appeal or by writ of error.

2. Affidavits may be sworn before an attorney for the side that uses them.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. H. T. & L. HELM and E. A. ABORN, for appellant.

Richardson v. Sheehan.

Mr. Francis A. Riddle, for appellee.

Mr. Justice Gary. The Circuit Court discharged the bail and quashed the *capias,* which was the original process in the suit.

The proceedings in that regard are shown by the following extract from the bill of exceptions:

" And now comes the defendant, Dennis Sheehan, by Fred. W. Forch, Jr., and Francis A. Riddle, his attorneys, leave of court having been first obtained, and moves the court to quash the *capias* heretofore issued in this cause, for the following reasons:

1. The affidavit of the plaintiff is insufficient.

2. The affidavit is sworn to before Everett A. Aborn, who is the attorney for the plaintiff.

3. Because it is contrary to the law of this State to permit attorneys, or other officers, to issue process or any part of any process required to be issued in any legal proceeding, wherein any attorney or officer is interested.

4. Because it is contrary to the policy of the law to permit attorneys to administer oaths to their clients in any suit in any court.

Fred. W. Forch, Jr.,<br>Francis A. Riddle,<br>Att'ys for Defendant.

That affidavit in said cause upon which was made the order to hold the said defendant to bail and upon which the *capias ad respondendum* was issued in said cause, was sworn to before Everett A. Aborn as a notary public in and for said county, who was at the date of such affidavit, the attorney for the plaintiff and affiant; and because the said Everett A. Aborn also having afterward filed the said affidavit in said court and commenced the said suit as the attorney in behalf of the said plaintiff, and continued to act as the attorney for said plaintiff until the 13th day of November, 1891 (when his appearance as such attorney was withdrawn and the appearance of H. T. Helm as attorney for said plaintiff was filed in writing in said cause, and the said H.

T. Helm having after said date appeared as attorney for said plaintiff, and on the trial of said cause and on the hearing of said motions for new trial and to quash said *capias*).

And the court being carefully advised, does sustain the said motion to discharge the bail and to quash the *capias* in said cause for the reason herein set forth, to which ruling of the court the said plaintiff, by H. T. Helm, as his counsel, then and there excepted."

It is not here contended that the affidavit is insufficient on its face, but it is contended:

First.    That such a decision is not the subject of review here.

Second.    That the bill of exceptions does not show that it contains all the proofs before the court on the motion; and

Third.    That the fact that Aborn, as attorney for the plaintiff, commenced the suit, justifies the action of the court below.

As to the first point, while it is true that the refusal to discharge bail on motion can not be assigned for error (Walker v. Welch, 14 Ill. 364, and cases there cited), yet the real reason for that rule is that such a decision is not final. It is like overruling a demurrer to a declaration, with leave to plead. It leaves the merits yet to be finally decided. The only effect of refusing to discharge the bail is, that the bail may be sued. But if the bail be discharged, then no further proceedings against him can be had. It is a final determination of his liability. In principle it is the same as cutting off an attachment in aid, which is merely like bail, a security to the plaintiff in the suit, and if wrongly done, may be corrected on appeal or by writ of error. Hemphill v. Collins, 117 Ill. 396.

As to the second point, the bill of exceptions does show that the only ground for discharging the bail (the affidavit being on its face good), was that the affidavit was sworn before the attorney of the plaintiff. The bill states that the bail was discharged "for the reason herein set forth," and the ground of discharge is therefore perfectly clear.

As to the third point, there is no common law nor statute that forbids affidavits in a cause being sworn before attorneys for the side that uses them. The practice excluding them, is, in England, founded upon rules of court not in force here (Tidd's Practice, 494), and even there affidavits to hold to bail are not within the rule. Taylor v. Hatch, 12 John. (N. Y.) 340, note; Tidd's Practice, 179; and see also quite an essay upon the subject in People v. Spalding, 2 Paige, 326.

The order of the Circuit Court is erroneous and is reversed, but there is nothing to remand.

The case will stand below as if no motion had been made.

*Reversed.*

Mr. Justice Waterman took no part in this case, as he made the original order to hold to bail.