## S. A. Willard et al. v. Nina Petitt.

1. CONTINUANCE—*Insufficient Affidavit.*—It is not error to deny a motion for a continuance founded upon an affidavit which states mere conclusions, and not facts from which the court can determine whether the presence of an absent witness would be of benefit to the defendant.

**Memorandum.**—Action for malicious prosecution. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

L. M. SHREVE, attorney for plaintiff in error.

MASTERSON & HAFT, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was a married woman at the time of the trial, and her husband and she were jointly sued in an action for a malicious prosecution. Before verdict the case was discontinued as to him. When the case was called for trial she moved for a continuance, because the state of his health prevented him from attending. The affidavits stated that she expected to prove by him " that the grievances complained of * * * were justifiable, and were committed, if at all, upon reasonable and justifiable grounds;" and that the attorney was " familiar with the proposed defense, * * * believes it to be a good and valid defense, * * * can not safely proceed to the trial of said cause " without the presence of the husband, who was seventy-five years old, and considerably infirm.

There was no error in denying the motion. All that the affidavits stated were mere conclusions, not facts, from which the court could determine whether his presence could be of benefit to the defendants. Schnell v. Rothbarth, 71 Ill. 83; Waarich v. Winter, 33 Ill. App. 36.

The instructions were not excepted to. We have, there-

fore, no question before us as to them.  Martin v. People, 13 Ill. 341.

We can not go over the two hundred and sixty-two type-written pages of evidence taken on the trial, to justify our conclusion that upon that evidence the question whether the plaintiff in error maliciously, and without probable cause, re-peatedly prosecuted the defendant in error on a charge of larceny, was such a question as the verdict of a jury is final upon.  The evidence is conflicting and irreconcilable. "The credibility of witnesses is for the jury."  Clevenger v. Curry, 81 Ill. 432.

Whether anybody, and if anybody, who, told the truth upon the trial was for the jury to determine.

There is no error in the record, and the judgment is affirmed.