## James M. Evans v. The Schriver Laundry Co.

1. AFFIDAVITS—*Sworn to Before Attorneys.*—However improper and unprofessional it may be for the attorney in a cause pending, or about to be begun, to administer an oath to an affidavit sworn to by his client in such suit, there is nothing in the law that forbids it.

2. JUDGMENTS BY CONFESSION—*Discretion of the Court in Allowing a Defense.*—The law reposes in the court a liberal discretion in the matter of opening a judgment entered by confession, and unless an abuse of that discretion is shown, its action will not be overruled.

3. SAME—*Motion to Open—Practice.*—The burden is upon the party making the motion to open a judgment by confession to show by competent proofs that he has a meritorious defense.

4. SAME—*Practice in Opening—Affidavits.*—It is to be presumed that affidavits filed in support of a motion to open a judgment entered by confession, set forth all the facts that existed and are material to the issue. It is necessary that they should do so to constitute sufficient ground for overruling the action of the court.

**Memorandum.**—Motion to open a judgment by confession. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

APPELLANT'S BRIEF, BANGS, WOOD & BANGS, ATTORNEYS.

Courts exercise an equitable jurisdiction over judgments confessed. Campbell v. Goddard, 17 Ill. App. 383; Aldritt v. Nat'l Bank, 22 Ill. App. 24; Dake v. Book, 15 Ill. 353, 356.

When an application is made for the exercise of this equitable power, showing a case involved in doubt, or that the testimony is so contradictory that the truth can not be ascertained with reasonable certainty, an issue should be directed to try the question. Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 159; Pitts v. Magie, 24 Ill. 610.

ARTHUR & BOLAND, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

A judgment by confession was entered against the appellant and in favor of the appellee, upon three judgment

notes, which had been given by the former to the latter for part of the purchase price of a laundry machine called a mangle.

For assigned errors for entering up said judgment, and in vacating an order that was said to have been inadvertently or improperly entered, setting aside said judgment, this appeal is prosecuted.

The first point made is that the only proof of the execution of the notes and power of attorney to confess judgment, was the affidavit of the secretary of the appellee's corporation, sworn to before the appellee's attorney, in his capacity as a notary public.

However improper and unprofessional it may be for the attorney in a case pending, or about to be begun, to administer an oath to an affidavit, sworn to by his client in such suit, there is nothing in the law that forbids it. Richardson v. Sheehan, 46 Ill. App. 528; Linck v. City of Litchfield, 141 Ill. 469; Reavis v. Cowell, 56 Cal. 588; Yeagley v. Webb, 86 Ind. 424.

The further and more important question is as to whether there was shown such a clear, equitable reason for opening the judgment, as required that it should have been done, and the appellant allowed to plead and show his defense. The law reposes in the court a liberal discretion in such matters, and unless an abuse of that discretion is shown its action will not be overruled.

The defense to the notes, as appears by the affidavits filed, consisted of an alleged breach of warranty of the mangle for part payment of which they were given. The two affidavits filed by the appellant, were markedly insufficient in setting forth the warranty, the breach of which he relied upon as the ground in support of his motion that the judgment be vacated and he be let in to plead.

The appellee is a corporation, a purely artificial body, and can only make a contract of warranty through its officers or authorized agents. With what officer or agent was the contract of warranty in this case made?

The affidavits fail to state. One of them states, that "the

said plaintiff, Schriver Laundry Company, warranted and guaranteed the said mangle in every respect, and especially," etc., and the other states, that "said Schriver Laundry Company expressly stated that said mangle was in first-class condition, and guaranteed it to be perfect in every respect; that said mangle would carry a steam pressure with safety of ninety pounds."

As said in Schultz v. Plankinton Bank, 40 Ill. App. 462, with reference to an agreement there alleged to have been made with a corporation, and referred to in an affidavit, "It is uncertain and evasive to say that it was made with the plaintiff (a corporation). There could be no agreement with the plaintiff, personally. * * * How could the plaintiff disprove the allegation of this affidavit if it had been required to do so?"

It should have been stated in at least one of the affidavits what officer of the appellee it was that made the warranty. The president of the plaintiff corporation stated in his affidavit filed in opposition to the motion, that he was the person who sold the mangle to the appellant, and that he did not make, or cause to be made, any warranty or guaranty, whatsoever, of the machine, and the secretary of the plaintiff denied in his affidavit, also filed and read in opposition to said motion, that the machine was warranted by him, or by any one else to his knowledge.

Who then did make the warranty that is claimed by appellant? He having failed to state who it was, the intendments of his affidavits must be against him.

Moreover, neither of the affidavits filed by the appellant state that the mangle was purchased by appellant in reliance upon the alleged warranty, and the affidavits filed by appellee deny the warranty, and state, and are uncontradicted in that respect, that the appellant purchased the mangle after a personal inspection of the same by both himself and his business manager, made by them in another and different laundry from that operated by either party to this suit.

Nor was there any statement in the affidavit filed by appellant that the appellee is not able to respond in damages

in case there was a breach of warranty and a consequent liability. Anderson v. Studebaker, 37 Ill. App. 532.

It is to be presumed that affidavits filed for such a purpose, set forth all the facts that exist and are material to the issue, and it is necessary that they should do so to constitute sufficient ground for overruling the action of a court, and especially so, where the omitted, material and necessary matter affords abundant justification for such action. Carpenter v. White, 43 Ill. App. 448.

The Circuit Court could hardly have done differently from what it did and its judgment is affirmed.