## George Brough v. Otto Schanzenbach.

1. BILL FOR INJUNCTION - *To Restrain the Collection of a Judgment—Offset of Cross-demand.*—In a bill for an injunction to restrain the collection of a judgment, so as to allow the judgment debtor to set off a cross-demand, the complainant should state a case, which, if true, rebuts all inferences against him.

2. INJUNCTION— *Without Notice.*—A mere statement of a conclusion in an affidavit is not sufficient to make it appear that the complainant will be unduly prejudiced if the injunction is not issued without notice. It is the court, judge or master, to whom that conclusion is to appear, and the facts from which it is to be drawn should be stated.

3. SAME—*To Enjoin the Collection of a Judgment—Bond.*—Under the statute, before an injunction can be issued to enjoin the collection of a judgment, a bond must be given to pay the judgment if the injunction is dissolved.

**Interlocutory Order Granting an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

THOMPSON & KING, attorneys for appellant, contended that the authorities are uniform in this State, in holding that in order to sustain a bill which seeks to set off a claim of unliquidated damages against a judgment at law, it must appear from the record that the claim of unliquidated damages is of such a nature that it could not have been set off in the action at law, or that the defendant was prevented setting off the claim through accident, mistake or fraud.

Having failed to avail themselves of their defense at law, a court of equity will not interpose to afford such relief. A party having an opportunity to interpose his defense at law is estopped from seeking relief in equity, unless he can show that he was prevented doing so by unavoidable accident, mistake or fraud. It is the policy of law to end strife, and when parties have had an opportunity in a court to fully and fairly present their claims, and fail to do so, they are barred from resorting to a different tribunal for relief. Sanger v. Fincher, 27 Ill. 348.

The demand of the plaintiff in error was a legal one, and might have been set off at law, in an action upon the notes. It is well settled that courts of equity will not set off mere cross-demands. Downs v. Jackson, 33 Ill. 472; Wade v. Wade, 12 Ill. 92; Le Guen v. Gouverneur and Kemble, 1 Johns. Cases (N. Y.) 502.

An injunction, being a harsh remedy, will not be granted in the first instance except upon a clear *prima facie* case, and upon positive averments of the equities on which the application for the relief is based. 1 High on Injunctions, Section 34.

Mere argumentative allegations, or inferences from facts stated, will not entitle him to relief. 2 High on Injunctions, Section 1581; citing Battle v. Stephens, 32 Ga. 25; Warsop v. City of Hastings, 22 Minn. 437.

An interlocutory injunction, being a harsh remedy, is only allowed upon such positive averments of complainant's equities, as establish a clear *prima facie* case. And while the party seeking the injunction is not required to establish his rights to relief with the same precision and certainty that are required upon a final hearing, he must in all cases allege positively the facts on which he relies. 2 High on Injunctions, Section 1581; citing Perkins v. Collins, 2 Green Ch. 482; Holdrege v. Gwynne, 3 C. E. Green 26; Campbell v. Morrison, 7 Paige 157; Bank of Orleans v. Skinner, 9 Paige, 305; Bogert v. Haight, Ib. 297; Jones v. Macon & B. R. Co., 39 Ga. 138; Warsop v. City of Hastings, 22 Minn. 437.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order granting an injunction.

We can do justice to the case only by setting out the bill and verification of it, as follows:

"STATE OF ILLINOIS, ⎱ ss.    In the Circuit Court of Cook
Cook County. ⎰      County.

To the honorable the judges of said court, in chancery sitting:

Your orator, Otto Schanzenbach, of the city of Chicago, in

the county and state aforesaid, respectfully represents unto your honors, that on the 17th day of November, A. D. 1894, the defendant, George Brough, recovered a judgment in assumpsit against this complainant in the Circuit Court of said county, for the sum of $609.64; that complainant prayed and perfected an appeal to Appellate Court in the first district; that on the 16th day of May, A. D. 1895, said Appellate Court rendered a decision affirming said judgment of the Circuit Court, whereon now execution is about to issue and sheriff is to levy.

Your orator further represents, that before and at the time of the rendition of said judgment in the Circuit Court, the said defendant was, and is still, indebted to this complainant in the sum of $357.50, with interest from June, A. D. 1890, for fifty shares of valve stock bought for defendant and paid for by this complainant, at the defendant's request; that said defendant is further indebted to this complainant over and above the sum of $1,000 for damages, for carelessly and negligently performing the work he was to do; that complainant did not set up his said claims in said suit as a set-off, he confidently expecting to defend the suit by other matters of defense which were set up and litigated therein.

Your orator further represents that at the time of the purchase of said stock for the defendant, your orator tendered the same to him, but the same was refused by the defendant; that complainant has ever since that time held the same, subject to the order of the said defendant.

Your orator further represents that at the time of the trial of the said suit in the Circuit Court, complainant believed and was informed that the defendant was solvent, but your orator now represents that the said George Brough is wholly insolvent and complainant could not make or satisfy any judgment he might recover against said defendant, on execution or otherwise, unless the said defendant, George Brough, be restrained by the injunction of this honorable court from levying on and enforcing his said judgment against this complainant until this suit can be determined.

Forasmuch, therefore, as your orator is without remedy in the premises, except in a court of equity, and to the end that the said George Brough, who is hereby made party defendant to this bill, may full, true and perfect answer make, but not under oath, the answer under oath being hereby waived; and that the said defendant, George Brough, his agents and servants, may be restrained and enjoined from collecting and enforcing said judgment, or assigning the same, and from levying on said execution if the same has been issued, and that the rights of the complainant may be determined by this honorable court, and if anything be found due from defendant, Brough, to this complainant, that the amount may be applied as a set-off on said judgment of George Brough; and that upon the hearing of this bill, the said injunction may be decreed to be perpetual, and that your orator may have such other and further relief in the premises as to equity shall appertain and to your honors may seem meet; may it please your honors to grant unto your orator the people's writ of injunction, issuing out of and under the seal of this court, directed to the said defendant, George Brough, commanding him, his agents and servants, that they desist and refrain from proceeding any further under said execution, if the same has been issued, and that the said George Brough refrain from enforcing his said judgment against this complainant, or from assigning the same until further order of this court.

May it please your honors to grant unto your orator a writ of summons, issuing out of and under the seal of this court, directed to the said George Brough, commanding him to be and appear before this honorable court at the next term thereof, then and there to answer this bill of complaint, and stand to and abide by in all things, and obey the orders of this court, and your orator will ever pray, etc.

OTTO SCHANZENBACH,
Complainant.

FITCHA & DUHA,
Solicitors for Complainant.

STATE OF ILLINOIS, }
    Cook County.     } ss.    Otto Schanzenbach, being duly
sworn, on oath says that he is the complainant in the fore-
going bill of complaint, that he has heard the same read
and knows the contents thereof, and that the matter and
things therein alleged and contained are true in substance
and in fact, and that the rights of the complainant will be
unduly prejudiced if an injunction is not issued according
to the prayer of said bill immediately and without notice.
                              OTTO SCHANZENBACH.

Subscribed and sworn to before me this 22d day of May,
A. D. 1895.
            [SEAL.]    J. B. O'CONNELL, Notary Public."

It is certain that in this State the interference by injunc-
tion to set off against a judgment a cross-demand of the
judgment debtor, has gone beyond the bounds generally
allowed (High, Inj., 273, *et seq.*,) induced thereto apparently
by a couple of very hard cases in which insolvent railroads
were the judgment creditors.    Chicago D. & V. v. Field, 86
Ill. 270; Galena & S. W. v. Ennor, 116 Ill. 55.

It is not necessary that we should enter upon any general
inquiry as to the result of the cases in this State.    Forty-
five years ago the appellee's case would have had no stand-
ing in a court of equity.    Wade v. Wade, 12 Ill. 59.

The bill here does not show what was the ground of the
judgment; when what is called valve stock was purchased,
nor what valve stock is; by whom the appellant was em-
ployed, or what to do.    In short, it shows nothing upon
which an issue could be framed to be tried by any tribunal.
To entitle the appellee to relief in equity he should state a
case, which, if true, rebuts all inferences against him.

Again, the injunction was granted without notice, in vio-
lation of the statute.    A mere statement of a conclusion in
an affidavit is not sufficient to make it appear that the com-
plainant will be unduly prejudiced if the injunction is not
issued without notice.    It is the court, judge or master to
whom that conclusion is to appear, and the facts from which
it is to be drawn should be stated to the court, judge or

master. Carpenter v. White, 43 Ill. App. 448, and cases there cited; Evans v. Schriver Laundry Co., 57 Ill. App. 150.

The statute requires that before an injunction is issued to enjoin a judgment, a bond shall be given to pay the judgment if the injunction is dissolved. The condition of the bond here is as follows:

" Now, therefore, the condition of the above obligation is such, that if the above bounden Otto Schanzenbach, their executors or administrators, or any of them, shall and do well and truly pay, or cause to be paid to the said George Brough, their executors, administrators or assigns, all damages which may be sustained by the said defendant, or any one or more of them by reason of the wrongful issuing of such injunction, and also all such costs and damages as shall be awarded against the said complainant in case the said injunction shall be dissolved, and also for all damages, moneys and costs accruing by virtue of said judgment, then the above obligation to be void, otherwise to be and remain in full force and virtue." Which is, to say the least of it, a very uncertain and ambiguous compliance with the statute.

We do not overlook the fact that this bill is apparently intended to follow the statement of the bill in 86 Ill. 270.

That statement does not purport to be a copy of the bill in full, and this bill is less explicit than the statement.

There the complainants had commenced a suit to liquidate their set-off; here the appellee does not offer even to begin suit, and the subject-matter is not of equity jurisdiction. Wade v. Wade, 12 Ill. 39.

If insolvency of the judgment creditor cuts any figure, the form of the allegations in the bill makes the affidavit attached only a verification that the complainant was once informed and believed, and now represents certain matters, with no intimation that his information, belief or representation were or are, either of them, true.

The order is reversed and the cause remanded with directions to dissolve the injunction.