PARKER B. MASON

*v.*

THOMAS McNAMARA *et al.*

1. PRACTICE—*whether the exercise of discretionary power will be reviewed in an appellate court.* While, as a general rule, this court will not review the action of the lower courts in matters of discretion, still, cases may arise in which there has been such a state of facts as to call upon this court to interpose, to promote justice, by reviewing the decision of the circuit court, even in the exercise of discretionary power.

2. Notwithstanding it is a matter of discretion in the circuit court whether a default should be set aside, cases may arise in which the exercise of such discretion will be reviewed by an appellate court.

3. SAME—*in setting aside defaults.* The long and well settled practice in this State, has been liberal in setting aside defaults at the term at which they were entered, when it appears that justice will be promoted thereby. The practice has not been so rigid as to require the party moving to set the default aside, to bring himself within the strict rules which govern applications in equity for new trials at law.

4. But when it appears by the affidavit filed in support of the motion, that the party has a defense to the merits, either to the whole or a material part of the cause of action, it has been usual to set aside the default, if a reasonable excuse is shown for not having made the defense.

5. Though it has also been the practice to impose reasonable terms upon the defendant as a condition to allowing his motion, such as that he plead to the merits, that he pay the costs, or that he comply with such other reasonable terms as may be imposed.

6. In such cases the object is that justice be done between the parties, and not permit one party to obtain and retain an unjust advantage.

7. SAME—*judgment of the circuit court refusing a motion to set aside a default, reversed in a given case.* On motion in the circuit court to set aside

a default, at the term at which it was entered, based on the affidavit of the defendant, it appeared that he had a good and substantial defense to the suit upon the merits, and that he immediately, on being served with the summons, employed counsel to make that defense, and on the affidavit of the attorney, in substance, that he immediately, upon being retained, made efforts to find the declaration and continued his efforts for the purpose till the default was entered, repeatedly examining and inquiring in the proper office and of the proper person for the papers, being unable to procure them, and that he would have made a defense, had he been able to find the declaration in time,—it being also manifest, from the affidavits, if they were true, that the papers were wrongfully, if not surreptitiously taken from their proper place of deposit, and under such circumstances as induced the belief that it was done for the purpose of preventing a defense and of obtaining the default: *Held*, the case thus presented was such as entitled the defendant to have the default set aside, and as called upon this court to reverse the judgment overruling the motion.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

Mr. EDWARD ROBY, for the appellant.

Messrs. WARD & STANFORD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees to the October Term, 1869, of the Superior Court of Chicago, against appellant. A summons was issued, but was not served ten days before the first day of the term. The case went over, and appellees did not file their declaration until the 22d day of October. At the November term, which commenced on the first Monday of that month, a default for want of a plea was entered, the damages assessed and final judgment rendered. During the term, appellant entered a motion to set aside the default, to quash the execution issued therein, and to be let in to plead, but the motion was overruled and an appeal was prayed and perfected, and the record is brought to this court and errors assigned.

It appears from the bill of exceptions, that the motion was based upon affidavits filed. Roby, the attorney for appellant, swore in his affidavit that he was attorney for appellant; that he was retained, on the 27th or 28th of September, 1869, and that he, on the 30th of September, examined the papers in the suit, and only found in the wrapper the præcipe; and again, on the 22d day of October, but found no declaration; that he again examined them on the 26th of October, 1869, but was unable to find a declaration; that he inquired of the clerk having charge of the papers for them, who replied that if they were not in the wrapper he need inquire nowhere else, as they were there unless they had been stolen or mislaid. Affiant is clear and distinct in his statement that this search and inquiry were made on the 26th of October.

He also states, that on the 4th day of November, he was informed that a default had been entered in the case, and he then went to the court room and looked in the place where the papers were kept, but failed to find them, and the clerk then made diligent search, but was unable to find them and said some person had them, but he could not tell where they were. The clerk also then informed him that no default had been taken, after examining the docket. He further states that he looked for the papers on two different days after the 4th of November, and before the default was entered on the 13th of that month, but was unable to find them.

He further states that on the 16th of November, he saw in a newspaper a notice of the default, and went immediately to the clerk's office, and he then saw the papers in the suit; that the wrapper was soiled, blackened and worn at that time, while it was new and clean when he saw it on the 26th day of October. He states, as his opinion, that the papers were, when he searched for them, in the possession of plaintiff, his attorneys or his agents; that he would have made a defense had he been able to find the declaration in time.

Appellant, in his affidavit, states that he was served with the summons on the 27th day of September, 1869, and on that or

the next day retained Roby to defend the suit; and that he has a good and substantial defense to the action.

Appellees insist that it was discretionary in the court below to set aside the default, and, having refused to do so, this court should not review the decision. As a general rule, this court will not review the action of the lower courts in matters of discretion. But cases may arise in which there has been such a state of facts as to call upon this court to interpose, to promote justice, by reviewing the decision of the circuit court even in the exercise of discretionary power. It was held, in the case of *Scales* v. *Labar*, 51 Ill. 233, that notwithstanding it was a matter of discretion in the circuit court whether a default should be set aside, still, cases might arise where the discretion would be reviewed by an appellate court. As we understand the long and well settled practice in this State, it has always been liberal in setting aside defaults at the term at which they were entered, where it appears that justice will be promoted thereby. Nor has the practice, so far as our knowledge extends, been so rigid as to require the party moving to set the default aside, to bring himself within the strict rules which govern applications in equity for new trials at law. But where it appears by affidavit, that the party has a defense to the merits, either to the whole or a material part of the cause of action, it has been usual to set aside the default, if a reasonable excuse is shown for not having made the defense. It has also been the practice to impose reasonable terms upon the defendant as a condition to allowing his motion, such as that he plead to the merits, that he pay the costs or that he comply with such other reasonable terms as may be imposed. In such cases the object is that justice be done between the parties, and not to permit one party to obtain and retain an unjust advantage.

When tested by these rules, should the court below have set aside the default? Appellant swears, and for the purposes of the motion the affidavit must be taken as true, that he has a good and substantial defense to the suit, and that he,

immediately on being served with the summons, employed counsel to make that defense. The attorney swears, that he, immediately upon being retained, made efforts to find the declaration, and continued his efforts for the purpose till the default was entered. He repeatedly examined and inquired in the proper office and of the proper person for the papers, but was unable to procure them. We fail to see from this record, that appellant or his attorney has omitted any duty or failed in diligence, in his efforts to present the defense. A defendant has the legal right to see the declaration filed against him before he can be required to plead, but in this case every reasonable effort to do so proved unavailing, and if appellant has, as he swears, a meritorious defense, he should, under the circumstances disclosed, be permitted to make it.

Shall appellant be condemned to pay a large sum of money because of the carelessness of the clerk, or if the outrageous misconduct of appellee has prevented him from submitting a meritorious defense to the court? The law does not design that such results shall be produced. It is manifest, if the affidavits are true, that the papers were wrongfully, if not surreptitiously, taken from their proper place of deposit, and under such circumstances as induce the belief that it was done for the purpose of preventing a defense, and of obtaining the default. We must say that we regard it as incredible, that any licensed attorney, practicing in our courts, could be guilty of such a violation of the duty of an attorney, to say nothing of the immorality and injustice of such an act, or would be guilty of countenancing or sanctioning it in others. If guilty of such conduct he would forfeit the right to be retained on the roll of attorneys.

If the papers were abstracted and retained by appellees, or their agents, with their sanction or procurement, instead of their reaping any advantage from such reprehensible conduct, they should be severely punished by the court. And if it was intentionally done by the clerk or any of his employees, they should be taught that they can not be permitted to aid and

assist in the obstruction of justice, by such unwarrantable practices. The parties and officers of courts must be held to a fair, faithful and impartial observance of their duties, and they must know that such efforts to obtain advantages can not be rendered availing in our courts of justice. We are of opinion that appellant made such a case in the court below as to entitle him to have the default set aside, and as calls upon us to reverse the judgment overruling the motion.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*