## JOHN SOUERBRY

### v.

## OTTO FISHER.

62  135
37a 395
62  135
d94a 428

1. JUDGMENT—*setting default aside—discretion.* Appellant was sued jointly with another in trespass for an assault and battery. His co-defendant employed counsel who filed a plea of the general issue for both, there being no service. The counsel, about three years afterward, procured the entry of a *nolle* as to the co-defendant, and abandoned the defense of appellant, on the ground that he had paid no fee, and his default was taken, and damages assessed at $500, upon which judgment was rendered. He at the same term moved to set aside the judgment and for leave to defend, showing that he was not guilty, and that the other defendant who had committed the trespass had agreed to defend. The court overruled the motion : *Held*, that the court erred in refusing the motion.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SHUFELDT & BALL, for the appellant.

Mr. FRANCIS A. HOFFMAN, for the appellee.

Per CURIAM : If courts are created for the purpose of administering justice, the default and judgment, in this case, should have been set aside.

At the June term, 1868, of the Superior Court of Chicago, a declaration in trespass for assault and battery was filed in said court, against appellant and one Beebee.

King appeared as attorney for defendants, and filed the general issue at the July term, 1868. No summons appears in the record.

The case lingered in court until the June term, 1871, when a *nolle prosequi* was entered as to Beebee, and also the default of appellant; a jury called and sworn to assess the damages, and a verdict returned for $500, upon which judgment was rendered.

At the same term a motion was made to set aside the judgment, and allow a defense.

The affidavits filed, *pro* and *con,* show that the *nolle* was entered at the suggestion of King, so that he might abandon the case as to the appellant, because he had not paid him his portion of the fee ; that he had been employed to defend for both ; was to receive $25 from each of the defendants; that Beebee had paid him $25, and appellant, though often promising, had refused to pay ; that a few days prior to the default he notified appellant that he must pay, or obtain other counsel ; and that appellant declined, claiming that the defense of the suit was the business of his co-defendant; but King does not state that he informed appellant of the particular day for trial, or that he would have the cause dismissed as to Beebee.

Other affidavits, with one exception (which we shall notice), show that Beebee was the really guilty party, and that appellant had no connection with the alleged trespass; that he neither aided by act nor countenance, and was in fact absent at the time of the difficulty between Beebee and the plaintiff; and that appellant, knowing that he was only a nominal party, relied upon his co-defendant to make the defense.

Hoffman, the attorney for the plaintiff, stated, in his affidavit, that appellant "had fairly admitted to him the commission of all the trespasses laid to his charge in the declaration." This is a very unusual admission, and, in view of the statements in the other affidavits, is a very strange one.

The affidavit is too general, and is of that character which is not entitled to weight in comparison with other proofs in the case.

King, as he says, "had kept an eye on the case" for three years. He had filed the general issue and "kept an eye on the case," during all this time, for $25. Through his agency alone was appellant in court, for no summons had been served upon him, and if he would not defend without the payment of his fee, he ought not to have pleaded. A retainer should have been deemed as necessary in the one case as in the other.

He should, then, instead of the abandonment of appellant to a most unrighteous default, have placed him where he found

him.   It seems that appellant was regarded as amply responsible, for the plaintiff was willing to risk him for the payment of the judgment.

The manner and circumstances under which the judgment was obtained do not recommend it to our sense of right or justice.   The bargain in court to screen the guilty and punish the innocent is opposed to every principle of law.

A man has been mulcted in $500 for acts which he never committed.   The injustice is so apparent that we feel that it is our duty to control the discretion of the court below.

From the facts before us this judgment unvacated would be a standing record of wrong and oppression to an innocent man. *Mason* v. *McNamara*, 57 Ill. 274.

It is ordered that the judgment be vacated, the default set aside, and appellant be allowed to make his defense to the suit.

The judgment is reversed and the cause remanded.

*Judgment reversed.*