Waugh v. Suter et al.

For the several errors indicated, the cause must be reversed and remanded.

Reversed.

---

JAMES C. WAUGH

v.

JAMES SUTER ET AL.

1. MOTION IN ARREST OF JUDGMENT.—Where there is a good count in the declaration to support the judgment, a motion in arrest cannot prevail. So where the declaration contained special counts on a bill of exchange, and also the common counts, on a motion in arrest of judgment on the ground that the bill of exchange showed upon its face that it was the obligation of a corporation and not that of the defendants individually, the common counts would support a judgment against defendants.

2. JUDGMENT MUST BE AGAINST ALL—PRACTICE ON DEFAULT.—Where an action was against two jointly, one defendant answering and the other suffering default, the issue as to the defendant who pleaded should have been tried, and the same jury should have assessed the damages against both; and it was error to render final judgment against the defendant in default, and take no proceedings against the other. The defendant in default has a substantial interest in having the judgment joint as to himself and co-defendant, as it might be immediately enforced against him, and therefore has the right of appeal therefrom.

3. MOTION TO SET ASIDE—DISCRETION OF THE COURT—DILIGENCE.— A motion to set aside a default is addressed to the discretion of the court, and will not be reviewed unless that discretion has been abused. But such motion should disclose a meritorious defense, and reasonable diligence in making it. Although the question of a meritorious defense is the most important, yet in this case the diligence shown is not such as would justify this court in reversing the case on that ground.

APPEAL from the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. JAMES M. DILL and Mr. W. C. KUEFFNER, for appellant; contending that the bill of exchange on its face showed it to be the obligation of a corporation, cited 1 Daniel on Negotiable Instruments, 309; Safford v. Wyckoff, 1 Hill, 11; 4 Hill, 442.

Being payable in another State, it was a foreign bill and should

be protested: 1 Daniel on Negotiable Instruments, 8; Mason v. Dousay, 35 Ill. 424.

The default should have been set aside: Mason v. McNamara, 57 Ill. 274; Sourbry v. Fisher, 62 Ill. 135.

Proof of the character in which defendants signed the bill may be shown: Byles on Bills, 27; Haile v. Pierce, 32 Md. 327; Mechanics Bank v. Bank of Columbia, 5 Wheat. 326; R. F. & P. R. R. Co. v. Snead, 19 Gratt. 354; Brockaway v. Allen, 17 Wend. 40; 11 Mass. 97; 31 Mo. 193; 40 Mo. 69; 7 Cal. 535; 5 B. Mon. 51; 2 Conn. 680; 8 Cow. 31; 19 Me. 352; 16 Vt. 220; 2 Met. 47; 6 How. 371; 2 Ala. 274; 9 Barb. 529; 7 H. & J. 409; 21 Conn. 627; 16 Ga. 458; 1 Kernan, 200; 1 Cranch, 105; 49 N. Y. 390; 15 Wall. 664; 47 N. Y. 597; 9 Gratt. 68; 5 Wall. 689; 21 Pick. 490; 1 Clifford, 519.

Messrs. KOERNER & TURNER, for appellees; that on a judgment by default, defendant is precluded from raising the question whether the paper was properly indorsed, cited Underhill v. Kirkpatrick, 26 Ill. 84.

The paper shows a personal liability of defendants: Powers v. Briggs, 79 Ill. 493; Burlingame v. Brewster, 79 Ill. 515.

BAKER, J. Appellees sued appellant, and John Thomas, in the St. Clair Circuit Court, in an action of assumpsit. The declaration contained three special counts, and the common counts. The following bill of exchange was specially counted on:

"OFFICE OF BELLEVILLE NAIL MILL Co.
"$223.51            BELLEVILE, ILLS. Nov. 15th, 1875.

"Three months after date, pay to the order of T. Swarthoust & Co. two hundred and twenty-three 51-100 dollars, value received, and charge the same to account of Belleville Nail Mill Co.

"JOHN THOMAS, Vice-Pres't.
"JAMES C. WAUGH, Sec'y.

"No. 188.
"To F. H. PIEPER, Treasurer,
    BELLEVILLE, Ills."

Across the face of said instrument the following was written:

Waugh v. Suter et al.

"Accepted, payable at the Continental Bank, St. Louis, Mo.

"F. H. PIEPER, Treasurer."

Thomas filed the general issue, and also a stipulation that all his evidence might be given under it. A default was taken against appellant, and the clerk assessed the damages, and the court rendered final judgment against him for $225 and costs. During the then term of the court, appellant moved the court to set aside said default, and filed an affidavit in support of his motion. But the court overruled said motion, and appellant excepted. A motion in arrest of judgment was also entered by appellant and overruled by the court, and an exception taken.

Appellant brings the record to this court, and assigns various errors.

It is urged that the court erred in overruling the motion in arrest of judgment, because the bill of exchange shows upon its face that it is the paper of the Belleville Nail Mill Company, and also because the declaration does not aver that it was protested. If either or both of these propositions were admitted as correct, still this would not help the case of appellant, so far as the motion in arrest is concerned. As has been stated, the declaration, in addition to the special counts, contains the common counts; and when there is a good count in the declaration to support the judgment, a motion in arrest cannot prevail. Bradshaw v. Hubbard, 1 Gilm. 390.

Nevertheless, the motion in arrest should have prevailed herein, and it was error to render final judgment against appellant. The action was against two joint contractors, and process was served upon both. A plea was filed by one only, and a default was entered against the other. There was an assessment of damages, and a final judgment against the defendant in default, and no proceeding whatever was taken as to the defendant who filed a plea. After the default of appellant was entered, the issue as to the other defendant should have been tried, and the same jury that tried that issue should have assessed the damages against both. The rule is inflexible, that in actions on contract against two or more, and all are served with process, judgment must go against all or none; for, as a contract is indivisible, so is the judgment thereon.

The only exceptions to this rule are where the defense is personal—such as infancy or bankruptcy. Dow v. Rattle, 12 Ill. 373; Briggs v. Adams, 31 Ill. 486; Faulk v. Kellums, 54 Ill. 188.

Appellant has a substantial interest in having the judgment joint as to himself and his co-defendant, and the judgment might be immediately enforced against him, and therefore he has the right of appeal. Freeman on Judgments, § 35, and cases there cited.

It is also urged that the circuit court erred in refusing to set aside the default entered against appellant. The rule is that the motion to set aside a default is addressed to the discretion of the court, and that ordinarily the appellate court will not review its exercise, but only do so in furtherance of justice, when that discretion has been wrongfully and oppressively exercised. Freeman on Judgments, Chap. 7; Greenleaf v. Roe, 17 Ill. 474; Rich v. Hathaway, 18 Ill. 548; Scales v. Labor, 51 Ill. 232; Mason v. McNamara, 57 Ill. 274; Dowberry v. Fisher, 62 Ill. 135. Applications to set aside a default should show a meritorious defense, and a reasonable degree of diligence in making it. In our opinion a meritorious defense was shown in the application. The affidavit states that the only and sole cause of action is the bill of exchange, a copy of which is given above, and that said bill is the paper of the Nail Mill Company, and not the paper of appellant, and the details of the transaction are given in full in the affidavit. The paper itself, upon its face and as declared on in the special counts, seems to indicate that it is the paper of the Nail Mill Company. The direction to charge to account of Belleville Nail Mill Co., and the fact that the bill is headed as issued from the "office of Belleville Nail Mill Co.," seem to indicate that it is its bill. 1 Daniel on Negotiable Instruments, §§ 410, 411; 1 Parsons on Notes and Bills, Chap. 5, § 10. We do not regard the cases of Powers v. Briggs, 79 Ill. 493, and Burlingame v. Brewster, 79 Ill. 515, as repugnant to our conclusions. In the first case the persons signing the note expressly professed to bind themselves, and added the words, "the trustees of the Seventh Presbyterian Church," to indicate the capacity or trust in which they acted; and in the latter case the body of the note

showed a personal undertaking inconsistent with the idea of corporate liability.

In applications to set aside default, we regard the point of a meritorious defense as altogether the more important of the two required, and where the judgment is evidently unjust, a certain degree of neglect may, especially as terms can be imposed, be held to be excusable. Freeman on Judgments, §§ 114, 541.

In this case, however, the diligence shown by the affidavit of appellant is not such as would justify this Court in reviewing the action of the Circuit Court, and holding that the overruling of the motion to set aside default was error.

But, as there was error in rendering final judgment against appellant, while leaving undisposed of the issue as to his co-defendant, the judgment is reversed and the cause is remanded.

Reversed and remanded.