CHARLES H. SLACK

. v.

PATRICK J. CASEY.

*Practice—Judgment by Default—When Set Aside at the Same Term—
Set-Off and Recoupment.*

1. A judgment by default will not be set aside in order that the defendant may maintain a mere cross-action; but where the defense includes matter of recoupment the judgment may be set aside for sufficient cause.

2. Where it appears by affidavit that the defendant has a meritorious defense to the merits, it is usual, under the practice in this State, to set aside a default at the term at which it is entered, if a reasonable excuse is shown for not having made the defense; and in such case the point of having a meritorious defense is altogether the more important of the two required.

3. In the case presented, it is *held:* That the defendant should not be debarred from making his defense merely by reason of the fact that his attorney miscalculated the progress of the court's business to the extent of twenty minutes, especially as the case was taken up out of its order.

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. R. P. BLANCHARD and DENT & BLACK, for appellant.

Messrs. BAIRD & BURCHARD, for appellee.

*Per Curiam.* In this case judgment was entered in the court below against appellant on a call of the case by the court for trial. A motion was made by appellant to set aside the judgment and for a new trial of the case, which was overruled, and the action of the court in overruling said motion is presented for review by the appeal. From the affidavits filed in support of said motion, and which are set out in the bill of exceptions

Slack v. Casey.

filed in said case, it appears that this case stood No. 5 on the
trial call of the court on June 7th; that for some days prior
thereto defendant's witnesses had been subpœnaed, and had been
in attendance on the court; and that on June 7th appellant and
one of his employes held themselves in readiness to testify in
said case on being notified that the case was called. Appel-
lant's attorney made inquiry from the attorneys who were
watching cases on the call, and was informed that two of the
cases at least, of those that preceded this in the call, would
be tried. June 7th was the first day of the term, and the
attorney supposed that some little time would be taken up
by the court in impaneling the jury for the term, and knowing
that this was the fifth case of the call and having two con-
tested motions coming up at ten o'clock, before other courts
in the court house, the attorney deemed it safe to attend to
the motions, and believed that he would be back before this
case could be reached. He returned to the court room where
this case was on call, at twenty-five minutes after ten o'clock,
and found that the jury was impane'ed in a case that stood
before this one on the call, but learned from a lawyer present
that this case had been called and a judgment entered therein,
and that it came to be called and tried before the case which
preceded it upon the calendar, because by an arrangement be-
tween the counsel in said cases and the court, said cases were
passed for fifteen minutes. It further appears that appellant's
attorney had, on May 29th, asked a short-hand reporter to
watch said cases, and it appears from the affidavit of said
reporter, that about ten o'clock on June 7th, he learned by
inquiry in the court room that a case preceding this on the
calendar would be taken up for trial, and then went to other
court rooms to see about other cases, and returning in a few
minutes found, to his surprise, that this case had been called
and disposed of. The matter was at once called to the at-
tention of the court by appellant's attorney and the court
directed him to make his motion and file his affidavits and
give notice, all of which was done in apt time. The affidavit
of appellant shows a meritorious defense, taking the state-
ments therein to be true, which, subject to strict scrutiny,

must be done in this application. There was a plea of the general issue on file and also a plea of set-off. The court on overruling the motion to set aside the judgment offered to allow appellant to withdraw the plea of set-off, in order that he might maintain an original action for the set-off claimed. If the appellant had nothing to urge against the judgment but a claim for a set-off, we should approve the course of the court below, for a judgment will not be set aside in order that the defendant may maintain a mere cross-action; but the examination of the facts set up in appellant's affidavit shows that the defense consists mainly of matter of recoupment, which, if not allowed to him in this suit, would be forever barred by the judgment. The suit was brought to recover for painting, which appellant swears was done under a wr'tten contract, and he appends to his affidavit a copy of said contract, and swears to having paid $159 to finish work not done by appellee according to contract and done contrary thereto. Appellant swears further to payments made to appellee and sets out a copy of a receipt in full for one item, painting barn, which item is claimed by appellee in his bill of particulars as due, and which, with other items, made up the sum of $473, for which appellee had jud ment.

The 39th section of the Practice Act provides that the court may, during the term, set aside any judgment upon good and sufficient cause, upon affidavit upon such terms and conditions as shall be deemed reasonable. In Mason v. Mc-Namara, 57 Ill. 274, the Supreme Court said: "As we understand the long and well settled practice in this State, it has always been liberal in setting aside defaults at the terms at which they were entered, when it appears that justice will be promoted thereby. Nor has the practice, so far as our knowledge extends, been so rigid as to require the party moving to set the default aside to bring himself within the strict rules which govern applications in equity for new trials at law. But where it appears by affidavit that the party has a defense to the merits, either to the whole or a material part of the cause of action, it has been usual to set aside the default if a reasonable excuse is shown for not having made the

defense." In such applications the point of having a meritorious defense is altogether the more important of the two required, and where the judgment appears from the affidavits to be unjust, a certain degree of neglect may, especially as terms can be imposed, be held excusable. Waugh v. Suter, 3 Ill. App. 271.

It clearly appears in this case that appellant had prepared for the trial of his case, and made such arrangements as under the ordinary course of business in the court, would have enabled him to be present to offer his defense. His attorney might, it is true, have exercised such a degree of diligence that the case could not have been called without his knowledge, but where the client has been diligent, he ought not to be mulcted by reason of the fact that his attorney has miscalculated the progress of the court's business to the extent of twenty minutes, particularly when it appears that he was caught wrong, because two cases standing before his in the call, were passed for a few moments and his case thus reached and done for before, in the order of events, in the course of which there was reason for expecting that its time had come. In order that justice should be done, it is necessary that the judgment be set aside and the defendant permitted to make his defense. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*