STEPHEN BLAIN AND JEAN E. LAFOND

V.

BENJAMIN M SHAFFNER, FOR USE, ETC.

*Practice—Default—New Trial.*

Where it is manifest that parties have, in good faith, prepared for and been in attendance for the trial of their cause, and they show by affidavits, facts and circumstances constituting a good defense upon the merits, and that they are not endeavoring to, and have not endeavored to, hinder or delay the trial of the cause, though they may have been guilty of some slight negligence, upon terms sufficiently onerous to recompense the diligent party for the unnecessary trouble and expense he is put to, they should, upon judgment by default against them, be permitted to interpose and be heard as to such defense.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. D. T. DUNCOMBE, for appellants.

Mr. B. M. SHAFFNER, *pro se.*

WATERMAN, J. Appellee having brought suit against appellants, filed with his declaration an affidavit stating that there was due to him from them the sum of $500; they appeared, filed a plea of the general issue and an affidavit setting forth that they had a good defense upon the merits to a part of the plaintiff's demand, viz., to the amount of $400. The case stood April 21, 1890, upon the short cause calendar for trial.

The hour for the convening of the court was ten o'clock.

Appellant LaFond appears to have arrived in the room where such calendar was being called, five minutes after ten; the attorney who had appeared and filed plea for him was at ten engaged before a branch of the Circuit Court, and immediately upon the termination of his engagement came back to the Superior Court and inquired of appellant LaFond if this

case had been called, and was informed that it had not.   The attorney, Mr. Duncombe, then went out for a few moments and upon his return being again answered by LaFond that the case had not been called, sat down, when he learned from some other source that the case had been called and sent to another room; he and LaFond went at once to such room, and there learned that a verdict had already been rendered for the entire amount claimed.   LaFond had, without hearing the case called, remained in the room where the call was being had, from five minutes past ten until he so went out with his attorney.

Appellants set forth in an affidavit, matters and things, which, if true, show that they had a defense upon the merits to the greater portion of plaintiff's claim, and at least that they ought to have an opportunity to be heard before judgment should be rendered against them.   The first principle of the administration of justice is: "*Audi alteram partem.*" Broom's Legal Maxims, 113; and while the orderly progress of business in courts can not be stayed nor ought diligent and punctual suitors to be delayed by the negligence of parties, yet where it is manifest that parties have in good faith prepared for and been in attendance for the trial of their cause, and they show by affidavits, facts and circumstances constituting a good defense upon the merits and that they are not endeavoring to, and have not endeavored to, hinder or delay the trial of the cause, we think, notwithstanding they may have been guilty of some slight negligence, that upon terms sufficiently onerous to recompense the diligent party for the unnecessary trouble and expense he is put to, and to act upon all persons as an earnest admonition against negligence, they should be permitted to interpose and be heard as to such defense.

It is important that progress be made with the calendar of cases, but it is more important that justice be done.   Waugh v. Suter, 3 Ill. App. 271, 275; Souerbry v. Fisher, 62 Ill. 135; Mason v. McNamara, 57 Ill. 274.

Appellants in this case make as to merits, a good showing, and they seem to have been in good faith in attendance and only guilty of slight negligence.

The judgment is therefore reversed and the cause remanded, in order that the court may have an opportunity to grant the defendants a new trial upon such terms concerning payment of the amount admitted to be due, costs of suit, attorney's fees and expenses of the plaintiff in attending upon a trial of the case, as may seem proper to the court.

*Reversed and remanded.*