JOHN GOSCH

v.

THE STATE MUTUAL FIRE INSURANCE ASSOCIATION.

| 44  | 263  |
|-----|------|
| 94  | [1]163 |
| 44  | 263  |
| 110 | [1]195 |

*Fire Insurance—Policy—Conditions—Payment of Premium as Condition Precedent—Agents—Authority of—Reception of Premium by.*

1. Where an insurance company delivers a policy to the insured before the payment of the premium, such delivery is *prima facie* evidence that the conditions in the policy providing that the insurance shall not take effect until the premium has been paid, are waived, and an intention to give a short credit will be presumed.

2. The delivery of a policy of insurance by the company to an agent for delivery to the assured, gives to that agent an apparent authority to receive payment of the premium, and payment to such agent, of the premium, is sufficient to bind the company.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding.

John Gosch, appellant, on the 6th day of June, 1891, received at Crown Point, Indiana, from one Anton Sourman, an insurance agent, a policy of insurance made by appellee,

the State Mutual Fire Insurance Association. The policy was signed by the president and secretary of the association, dated as made at Chicago, Illinois, on the 2d day of June, 1891, and purported to insure John Gosch to the amount of $1,000 against loss or damage by fire on certain property at Crown Point, Indiana, for the space of one year, viz., from the 2d day of June, 1891, to the 2d day of June, 1892. John Gosch, upon the day he received the policy, the 6th of June, paid the premium to Anton Sourman.

The policy was received from the association by one Orland Gay, an insurance agent of Chicago, who sent it to Mr. Sourman. Mr. Gay received the premium and credited it up on his cash book on the 10th of June. The fire causing the loss for which suit was brought, occurred on the 29th of June. Mr. Gay did not hand the premium over to the association or offer to do so until after the fire, because, as he testified, it is not the custom to render bills for premiums until the following month. On the 16th of July he received a bill from the association for the premium on a policy he had placed with it for one E. E. Swiney, but the association declined to present a bill for the premium on the policy issued to Mr. Gosch, because meanwhile a loss had occurred; on the 24th of July he made to the association a regular tender of the premium. The bill rendered by the association on the 16th of July to Mr. Gay for the premium on the policy issued to Mr. Swiney, shows that that policy was issued on the same day as the one given to Mr. Gosch, viz., the 2d of June. The loss, notice, presentation of proof, etc., were duly proven. At the conclusion of the plaintiff's case the defendant moved that the evidence be excluded and the jury instructed to find for the defendant; this motion the court took under consideration, whereupon the defendant proceeded to introduce the testimony of two witnesses, after which its motion to exclude being renewed, the court instructed the jury to find for the defendant.

Mr. W. S. JOHNSON, for appellant.

Where an insurance company delivers its policy to an

insurance broker, who in turn delivers it to the assured and collects from the assured the premium, and the assured has no direct dealings with the company in the entire transaction, and there is no evidence that the assured knew that the broker was not the agent of the company, it has been repeatedly held that it is a question of fact for the jury or for the court sitting as a jury, to determine whether or not the broker was the agent in the transaction of the insurance company, and this, too, notwithstanding the fact that the insurance policy of the company declares that any person other than the assured who may have procured the insurance to be taken by the company, shall be deemed to be the agent of the assured named in the policy and not of the company.

A similar provision to this appears in the policy in question in the case at bar.   Lycoming F. Ins. Co. v. Ward, 90 Ill. 545; Union Ins. Co. v. Chipp, 93 Ill. 96; Commercial Ins. Co. v. Ives, 56 Ill. 402; Pierce v. The People, 106 Ill. 13; Newark F. Ins. Co. v. Sammons, 110 Ill. 168; Ins. Co. v. Barrel Co., 114 Ill. 99; Kings Co. F. Ins. Co. v. Swigert, 11 Ill. App. 590; Lebanon Ins. Co. v. Erb, 112 Pa. St. 149; Packard v. W. M. F. Ins. Co., 77 Me. 144; Wood v. F. Ins. Co., 126 Mass. 316

No appearance for appellee.

WATERMAN, P. J.   The action of the court below appears to have been based upon the opinion that no liability had been incurred because the premium had not been received by the association, Gay, in the view taken by the court, not being for any purpose an agent of the company.

The policy contains the following among other conditions :

" It is part of this contract that any person other than the assured, who may have procured this insurance to be taken by this association, shall be deemed to be the agent of the assured named in this policy, and not of this association under any circumstances whatever, or in any transaction relating to this insurance; and no agent is author-

ized to change or waive any of the conditions of this policy. And in case the cash premium herein mentioned be not paid in advance, at the time of making or the declaring of this policy, then no insurance or liability under this policy shall attach, but the same shall be null and void, and of no effect. The payment in cash and in advance of the premium herein mentioned is a condition precedent to the validity of this contract."

"Clause 12.    The insured heretofore named, by accepting this policy, thereby becomes a member of this association, and agrees to pay them the premium annually, in cash and in advance, during the life of this policy; and in addition thereto such sum or sums, in no event to exceed in the aggregate four times the amount of said cash premium, at such time or times, in such manner, and by such installments, as the directors of said association shall assess and order pursuant to its charter and by-laws, and the laws of the State of Illinois."

It is a familiar rule, resulting almost inevitably from the circumstances of the case, that where an insurance company has delivered its policy the delivery is *prima facie* evidence that the conditions in the policy providing that the insurance shall not take effect until the premium is paid, are waived; and an intention to give a short credit for the premium will be presumed. Electric Life Ins. Co. v. Fahrenking, 68 Ill. 463–467; Lebanon Mutual Ins. Co. v. Erb, 112 Penn. State, 149; Boehm v. Williamsburgh City Ins. Co., 35 N. Y. 131; Bodine v. Exchange Fire Ins. Co., 51 N. Y. 117; Young v. Hartford Fire Ins. Co., 45 Iowa, 377; Train v. Hollans Purchase Ins. Co., 62 N. Y. 598. It is not denied that appellee issued this policy; what did it intend and mean when it did so? And what is the true construction to be placed upon its provisions in view of all that was done by this fire association? Is it possible that when appellee sent out this policy in which it declared that it agreed to indemnify John Gosch against loss or damage by fire from the 2d day of June, 1891, to the 2d day of June, 1892, it meant to be understood that it had done noth-

ing of the kind—that so far its statement was an untruth, because among the numerous conditions was one declaring that the policy had no validity until the payment of the premiums? Manifestly the condition is inconsistent with the first statement of the policy, and can only be reconciled by holding, as we do, that the association in delivering this policy waived the advance payment of the premium. Any other construction of the act of delivery makes such action an attempt by the association to swindle and defraud; to hold out that an insurance has been effected when in reality there is none; to falsely pretend that it receives a certain premium for an insurance running one year, when in reality the insurance is only from the reception of the premium, and therefore only for ten or eleven months, or such period as, up to the expiration of the policy, elapses after the reception of the premium. All instruments are construed *contra proferentem;* that construction is to be preferred which will support rather than defeat the instrument. Conditions that will defeat the instrument are not favored. Co. Litt., 42 a, 183 a. In reference to the last mentioned rule, Parsons, in his work on Contracts, Vol. 2, page 526, says: " Perhaps no formal words will constitute a condition, if it be obvious from the whole instrument that this was not the intention or understanding of the parties." In the present case, the assured, upon the day of its reception, paid the premium to the person who delivered the policy. That person forwarded the money so paid, to Mr. Gay, who obtained the policy from the association. This we think constituted a payment of the premium. Lebanon Mutual Fire Ins. Co. v. Erb, *supra;* Electric Life Ins. Co. v. Fahrenking, *supra.*

The question is not what authority Gay or Sourman actually had to receive the premium, but with what authority were they or either of them apparently clothed by the company. As is said in Electric Life Ins. Co. v. Fahrenking, *supra,* " The important thing is the payment of the money, and if it be paid to and accepted by one who is apparently authorized by the company to receive, it is

sufficient whether it be in conformity with the terms of the policy or not."

The delivery of a policy of this kind to a person, apparently clothes him with authority to receive the premium. If the possession of this, a policy for delivery to the assured, did not give apparent authority to receive the premium, it is difficult to say what would make such apparent authority. Corporations act only through agents. There can be no payment to it except to an agent for it. The president and entire board of directors are but agents, and a payment to them is but to agents. By the provisions of condition 12, the insured, by accepting the policy, became a member of the association, and agreed to pay to it not only the premium, but such sums, not exceeding four times the amount of the premium, as the directors should assess; this liability for assessments he is still under; the association does not appear to have endeavored to recall its policy and release him, but merely declines to pay his loss. It is apparent that the premium would have been taken from Gay and no objection raised if no loss had occurred. A bill for the premium upon a policy given out by Gay, bearing the same date as the one under consideration, June 2d, was rendered to him, July 16th. No loss had occurred under that, and no objection to the payment to Gay was made. Insurance associations ought not to attempt to play fast and loose; if they do not mean to be bound by a policy they should not issue it. If they pretend to insure a person for a year, they should actually do so; their liability can not be made to depend upon the whim of the directors as to whether their solemnly attested agreements shall have any force.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*