### Michael J. Considine et al. v. Fred E. Lee.

1. PRACTICE—*Setting Aside Defaults Rests Largely in Legal Discretion of the Trial Court.*—Setting aside defaults rests largely in the discretion of the trial court, and it is not improper to refuse to set aside the default where the defaulted party has failed in the exercise of proper diligence, even though he has a good defense on the merits.

**Assumpsit**, upon a promissory note. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

C. S. O'MEARA, attorney for appellants.

ALFRED E. BARR, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit upon a promissory note, in which the trial court entered judgment against appellants for want of compliance on their part, with a rule to plead.

It appears that the defendants had entered their appearance, but had failed to plead, or demur to the plaintiff's declaration, when, July 3, 1901, being the default day of the Superior Court for cases wherein service of summons was had for that term, their default was entered. Upon motion of appellants this default was set aside July 6th thereafter, and they were given leave " to plead by ten o'clock A. M., July 8, 1901," as appears from the abstract filed herein. No pleas having been filed within the time specified, shortly after the expiration of the time allowed, default was again taken of record for want of plea, and judgment entered. At 2 o'clock P. M. of the same day the motion to set aside was made, the denial of which is assigned for error.

An affidavit that the defendants have a good defense was filed to the effect that a certain quantity of hay, guaranteed to be of good quality, for the purchase price of which the note was given, was of an inferior quality, and not merchantable. It is urged that having thus shown a meritorious defense, and being ready for trial, appellants were entitled to have the default set aside. The record shows clearly a failure to file pleas within the time granted, when the original default was set aside. Twice in immediate succession appellants had allowed themselves to be defaulted. While it is true, as stated in Mason v. McNamara, 57 Ill. 274, that the practice has been, and we think it may, and should be in proper cases, "liberal in setting aside defaults at the

term at which they were entered, where it appears that justice will be promoted thereby," yet what shall be done in this respect in particular cases must be left largely to the legal discretion of the trial court. Where it appears by affidavit that the party has a defense to the merits, "it has been usual to set aside the default if a reasonable excuse is shown for not having made the defense. It has also been the practice to impose reasonable terms upon the defendant as a condition to allowing the motion." Mason v. McNamara, *supra.* In the present case no excuse at all appears in this record for not filing pleas in the first instance. When the default taken in consequence of such neglect or failure was set aside the court exercised its discretion in favor of the appellants, giving them an opportunity to retrieve themselves from the consequences of their former failure. This they failed to avail themselves of. It was no hardship to require them to file their pleas within the time set, and no reason appeared why with ordinary effort the rule could not have been readily complied with. It was not complied with, and the court had no means of knowing, when again entering default and giving judgment for non-compliance, that appellants' attorney intended to or would file his pleas within a short time thereafter, or at all. No reason is shown for their not being filed in time. Though the defaulted party has a good defense on the merits, but has failed in the exercise of proper diligence, it is not improper to refuse to set aside the default. Mendell v. Kimball, 85 Ill. 582. In that case it is said: "The public service, the successful transaction of business, requires the enforcement of wholesome, general rules, although hardship may be the result in some cases."

The judgment of the Superior Court is affirmed.