### Germania Fire Insurance Co. v. Ernest B. Muller.

1. PRACTICE—*Motion to Set Aside a Default Addressed to the Discretion of the Court.*—A motion to set aside a default and judgment is an appeal to the judicial discretion of the trial court. Ordinarily such motion will not be allowed, even at the term at which the judgment is entered, unless it shall appear that the defendant has exercised reasonable diligence, or has a reasonable excuse for failure to make a defense, and moreover that he has a defense upon the merits to the whole, or a material part of the cause of action.

2. APPELLATE COURT PRACTICE—*Question upon Appeal from an Order Denying Motion to Set Aside a Default.*—Upon appeal from an order denying a motion to set aside a default, the question is, whether there has been an abuse of the discretion of the trial court.

3. INSURANCE — *Policy Construed.* — An insurance policy insured plaintiff " in consideration of the stipulations herein named and of $15 premium," for the period of one year from the time of its issue. The policy was delivered to the insured without demanding the prepayment of the premium. *Held,* that the policy was delivered as a complete and executed contract under an implied agreement that credit was given for the premium, and such delivery, without demanding the premium as a condition of its delivery, constituted a waiver of the condition that the policy should not take effect until actual payment of the premium into the company's treasury.

4. SAME—*Acts Raising a Presumption that Credit is Given for Payment of Premium.*—The delivery of a policy without exacting the payment of the premium raises a presumption that a credit is intended, and is a waiver of the condition of prepayment. The waiver may also be inferred from any circumstances fairly showing that the insurers did not intend to insist upon the prepayment of the premium as a condition precedent.

Assumpsit, on a policy of fire insurance. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding.

Heard in the Branch Appellate Court at the October term, 1902. Affirmed.    Opinion filed October 30, 1903.

Cox, HELDMAN & SHORTLE, attorneys for appellant.

BULKLEY, GRAY & MORE, attorneys for appellee; J. ELLSWORTH OWEN, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover upon a policy of fire insurance issued by appellant. The declaration was filed for the May term of the Superior Court. Appellant failing to appear and plead after due service of summons, default was entered, damages assessed and a judgment rendered in favor of appellee, which it is now sought to reverse.

It is contended that the trial court erred in denying a motion made by appellant's attorneys at the term in which the default and judgment were entered to vacate the same, and grant leave to plead. The court allowed appellant to file affidavits in support of the motion, but after argument by counsel, refused to set aside the default or disturb the judgment. It is urged that the affidavits filed in support of the motion to vacate show due diligence on the part of appellant and its attorneys. It appears from these affidavits that the clerk of appellant's attorneys was informed by the clerk of the trial court that the register did not show any declaration filed, at a time when it should have been on file, to require appellant to plead at that term, and that, relying on this information, appellant's attorneys were misled. A motion to set aside a default and judgment is an appeal to the judicial discretion of the trial court. Ordinarily such motion will not be allowed even at the term in which the judgment is entered unless it shall appear that the defendant has exercised reasonable diligence or has a reasonable excuse for failure to make a defense, and moreover, that he has a defense upon the merits, to the whole or a material part of the cause of action. Mason v. McNamara, 57 Ill. 274; Blain v. Shaffner, 37 Ill. App. 394. Upon appeal from an order denying a motion

of this kind the question is whether there has been an abuse of the discretion of the trial court. Holliday v. Tuthill, 94 Ill. App. 425; Barrett v. Queen City Cycle Co., 179 Ill. 68. If it appears that the judgment is proper upon the merits it should not be interfered with.

It is urged that the policy sued on was void for the reason that when the loss occurred no part of the premium had been paid to appellant or its duly authorized agent. The policy contained the following provision : " By the acceptance hereof, the assured agrees that this company shall not be liable for any loss or damages by fire or other risk or casualty herein mentioned, until the assured shall have paid the premium hereinbefore mentioned in full to the company or its duly authorized agent whose name is subscribed hereto; and until such premium is so paid this policy shall remain wholly void and of no effect." It is also provided in the policy that it is made by the company and accepted by the assured subject to all its stipulations and conditions. Affidavits filed by appellant state that the premium was not tendered to the Chicago agent until after the loss by fire had occurred, for which recovery is sought under the policy. It is argued, therefore, that the policy was void at the time of the fire.

It appears that the policy, which bears date October 15, 1901, was delivered about October 18, 1901, to one Russell, who states that he made application for it as an agent of appellee; that the fire occurred October 25, 1901, and that Russell tendered the premium to appellee's authorized agent, whose name was subscribed to the policy, December 19, 1901. The property covered by the policy was situated in Port Huron. Michigan, and application for insurance upon it was forwarded by an agent at Port Huron to Chicago brokers of whom Russell was one, and by these brokers distributed among various insurance companies. Russell states that he did not represent the insurance company, and he received the policy from the hand of a messenger to whom it was delivered in the ordinary course of business by the duly authorized agent of appellant in Chicago.

It is quite apparent from the undisputed facts that the company delivered the policy expecting to receive payment of the premium of $15 in due course of business, upon delivery of the policy to appellee. This money would of course come through the hands of the various agents or brokers through whom the policy was delivered to the insured. It is argued that as the policy in controversy provides that it should have no force or effect until the premium was paid to the company or its duly authorized agent whose name was subscribed thereto, and appellee received and accepted the policy subject to these conditions, and by the terms of the policy it insured appellee " in consideration of the stipulations herein named and of $15 premium," the case is distinguishable from many other cases, in that the policy does not purport or admit that the premium had been paid by the insured. The effect of this contention is that notwithstanding the delivery of the policy to the insured, and even though he may have paid the premium to the person from whom he received it, yet the policy is still void and of no effect until such time as the premium paid reached the company itself through an adjustment and settlement of accounts with the various insurance agents or brokers through whom the application reached the company, a matter as to which the assured has usually no knowledge and over which he has practically, as insurance business is conducted, no control. We can not concur in such view.

We are of opinion that the provisions of the policy making it of no effect until the premium has been actually paid into the treasury of the company, must be deemed to have been waived by appellant when it delivered the policy without demanding the premium as a condition of its delivery. While the policy does not in express terms admit the receipt of the premium, it does purport to insure appellee in consideration of the stipulations of the policy and of the premium. The language is open to the interpretation by the insured that the stipulations are treated as complied with and the premium as paid upon the delivery of the policy. The case differs materially from those cited by appellant where

there had been a complete failure by the insured to pay a premium note when due, or where the assured had been notified by the company that it would not issue a permit for business prohibited by the terms of the policy. (Carlock v. Phœnix Ins. Co., 138 Ill. 210; Mutual Life Ins. Co. v. Amerman, 119 Ill. 329.) It differs also from other cases cited wherein the policy provided that it should thereafter become void in case the assured should fail to pay at maturity a premium note, or wherein the continued validity of a policy is made dependent upon future payments of premiums to be made annually or at other stated periods. In the case at bar the policy was delivered by the agent of the company without qualification or condition, and we think with an evident understanding that it should be delivered to the assured and be in full force and effect without reference to when the company itself received the premium from the brokers to whom the assured paid it. The policy by its terms was to continue in force one year from the time of its issue, not from the time when the company received the premium, and the premium was intended to pay for the insurance during that period only. We are of opinion that the policy was delivered as a complete and executed contract under an implied agreement that credit was given for the premium, and such delivery constituted a waiver of the condition that the policy should not take effect until actual payment of the premium into the company's treasury. In May on Insurance, Sec. 360, it is said : " In fact, the delivery of the policy without exacting the payment raised the presumption that a credit is intended, and is a waiver of the condition of prepayment. The waiver may also be inferred from any circumstances fairly showing that the insurers did not intend to insist upon the prepayment of the premium as a condition precedent." To the same effect are many decided cases, among which are the following : Boehen v. Williamsburg City Insurance Company, 35 N. Y. 131; Van Schoick v. Niagara Fire Ins. Co., 68 N. Y. 434; Washoe v. Hibernia Fire Ins. Co., 7 Hun, 74; Insurance Co. v. Fahrenkrug, 68 Ill. 463; Firemen's Ins. Co. v. Kuessner,

164 Ill. 275; Gosch v. State Mut. Fire Ins. Association, 44 Ill. App. 263.

It is stated in one of the affidavits filed in behalf of appellant that the affiant is informed and believes that the assured did not keep a set of books showing a complete record of its transactions, locked in a fire proof safe at night as required by the policy. Obviously this is no such statement of facts as to constitute a positive showing of a defense upon such ground.

The judgment of the Superior Court must be affirmed.