## The People of the State of Illinois, Defendant in Error, v. Stanley Bitzkus, Plaintiff in Error.

1. JUDGMENTS—*when refusal to set aside ground for reversal.* While the question of setting aside an order dismissing an appeal for want of prosecution is ordinarily one addressed to the sound discretion of the trial court yet if such discretion is arbitrarily exercised a reversal will be ordered. *Held,* in this case, that there was an abuse of discretion in failing to allow to the defendant under prosecution for disturbing the peace reasonable opportunity to obtain counsel after counsel which the defendant had relied upon, had unexpectedly withdrawn from the case.

2. CRIMINAL LAW—*when affidavit confers jurisdiction.* An affidavit sworn to before a notary public is sufficient to confer jurisdiction as to a criminal charge over which such justice has jurisdiction.

Error to the Circuit Court of Macoupin county; the HON. TRUMAN A. SNELL, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed December 13, 1911.

JAMES B. SEARCY, for plaintiff in error.

JAMES H. MURPHY and VICTOR HEMPHILL, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On October 24, 1910, John Cook subscribed to an affidavit before a notary public making complaint that defendant and Joe Bitzkus, his brother, were guilty of disturbing the peace, challenging to fight, etc.  This affidavit was filed with a justice of the peace as a complaint and a warrant issued thereon by the justice. Defendant and his brother were arrested, tried, found guilty by a jury before the justice and fined fifteen dollars.  An appeal from the judgment was taken to the County Court.  After the convening of the term of the County Court to which the appeal was taken, the death of the brother of defendant was suggested and the cause and appeal were dismissed as to him.

On the morning on which the cause against defendant was set for trial in the County Court defendant appeared and awaited the call of his case; at about ten o'clock it was called for trial, and defendant's attorney then announced to the court that he withdrew his appearance as attorney for defendant.  It was the only case left to be tried on that day.  The court then informed defendant, who is a foreigner, barely able to make himself understood by the use of the English language, that it would be necessary for him to procure other counsel.  At the suggestion of the presiding judge, he left the court room for the purpose of employing an attorney to represent him.  He visited one attorney whose services he was not successful in engaging, he then visited another whose services he secured, and with this attorney he returned to the court room after an absence of about fifteen minutes.  When he returned with his attorney he found the trial court had dismissed his appeal on motion of the state's attorney and had adjourned court for the day.  On the convening of court the following morning, he appeared with his counsel and presented to the court by affidavits facts which if true show his innocence, also showing his diligence in securing other counsel, together with an affidavit of the attorney whom he had engaged

to represent him, and asked to have the order dismissing the appeal set aside. The court denied this motion, and defendant appeals to this court.

While the question of setting aside an order dismissing an appeal for want of prosecution is ordinarily addressed to the sound discretion of the trial court, the court must not exercise this discretion arbitrarily. Mason v. McNamara, 57 Ill. 274; Dunlap v. Gregory, 14 Ill. App. 601.

Defendant's counsel having withdrawn upon the call of the case for trial and the trial court having informed defendant it would be necessary to secure counsel and having permitted him to leave the court room for the purpose of engaging counsel, it was the duty of the court to have given defendant a reasonable time in which to engage other counsel; it was an abuse of the discretion of the court to dismiss the appeal before defendant had had a reasonable time to return with counsel. Defendant has prosecuted his defense, so far as the record shows, in good faith and he should have been permitted to have submitted his cause to a jury upon the appeal taken to the County Court.

The trial court erred in refusing to set aside the order of dismissal and in refusing to reinstate the cause for trial in that court, and for this reason the judgment must be reversed.

Counsel for defendant insists that the fact that the affidavit was subscribed before a notary public did not confer jurisdiction upon the justice of the peace, but that in order to give the justice of the peace jurisdiction it was necessary that the affidavit should be subscribed before the justice. This contention is untenable for the reason that article 18, chapter 79, Hurd's Revised Statutes, 1909, is as follows: "In all cases of offenses of which a justice of the peace has jurisdiction he may, upon affidavit of any competent person, issue his warrant * * * ".

And section 2 of chapter 101, on Oaths and Affirma-

tions, provides that: "* * * notaries public shall have power * * * to administer all oaths of office and all other oaths authorized or required of any officer or other person, and to take affidavits concerning any matter or thing, process or proceeding, commenced or to be commenced, or pending before any justice of the peace * * *."

These sections clearly gave the justice jurisdiction to issue his warrant upon affidavits subscribed before a notary public.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*